# MAY, 1917

## Mrs. Fannie F. Underwood v. Security Life and Annuity Company.

### No. 2482.   Decided May 2, 1917.

**1.—Life Insurance—Forfeiture for Non-payment—Waiver.**

Where the contract of insurance provided that "a failure to pay any premium when due will render this policy wholly void" such default, ipso facto, at once forfeited the policy, unless such forfeiture was waived by the insurer; and this though the policy provided that insured could compel such waiver by paying the premium with five per cent interest within 30 days after it became due.   Being forfeited at once, such forfeiture could be waived by the insurer before the expiration of the thirty days allowed the insured to avoid it.   (P. 386.)

**2.—Same.**

A letter by insurer to insured, following forfeiture by the latter's default in payment of premiums, expressing the insurer's desire that he should continue his insurance and asking the reason for his default, was to be construed in connection with previous letters referring to and waiving previous defaults, and so considered constituted evidence sufficient to support a finding that the insurer waived thereby the forfeiture in question.   (Pp. 385-387.)

**3.—Same—Sufficiency of Evidence.**

In testing the sufficiency of evidence to support a finding by the trial court, only that favorable to its conclusion is to be considered, and every legitimate inference to be drawn from the facts proved in support of that conclusion is to be indulged.   (Pp. 387, 388.)

**4.—Contract—Procuring Business for Insurer.**

A contract by the insurer provided that if the insured should furnish annually the names of ten persons in his county deemed insurable and cause it to receive the regular premiums on insurance to the amount of ten thousand dollars he should receive annually a certain amount based on the amount of business so obtained.   If such agreement was applicable to policies taken out by insured himself, it did not entitle him to any credits therefor where his premiums were not paid, but were in default.   (Pp. 388, 389.)

**5.—Insurance—Default—Premium Note—Forfeiture—Beneficiary.**

On default in payment of a premium at maturity, thereby forfeiting the policy by its terms, the insurer accepted a thirty days note therefor from insured, which provided for waiver of the forfeiture only in case such note was paid at maturity.   This not being done, the forfeiture became effective according to the terms of the note; and this though a full year's premium had been paid on the policy, and the beneficiary was not a party to the agreement evidenced by the note.   (Pp. 389, 390.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Mrs. Underwood sued the insurance company on two life policies. She obtained judgment on one and was refused it on the other.   The

defendant appealed, and the appellate court, reversing the recovery, gave judgment for appellant (defendant) on both policies. Appellee then obtained writ of error.

*Andrews, Ball & Streetman,* for plaintiff in error.—The undisputed testimony in the record was amply sufficient to show a waiver of the right to forfeit said policy No. 1319, because of a failure to pay any of the premiums accruing thereon after December 31, 1906, down to the time of the death of the assured. Cooley's Briefs on the Law of Insurance, vol. 3, pp. 2459, 2704, 2724; Alabama, etc., Ins. Co. v. Long C. & S. Co., 123 Ala., 677, 26 So., 655; Murray v. Home Benefit Life Assn., 90 Cal., 402, 25 Am. St. Rep., 133; Phoenix Insurance Co. v. Tomlinson, 125 Ind., 84, 21 Am. St. Rep., 203.

If there should be any question as to the sufficiency of the evidence of waiver as to the quarterly premium which became due on June 30th on this policy No. 1319, the testimony was sufficient to show that by reason of the board contract which the insured had with the company, there was in the hands of the company a sufficient amount to pay enough of said premium due June 30, 1907, to carry the policy past the death of the insured on September 7, 1907, and the insurance company, at that time, having a sufficient amount of money belonging to the insured in its hands to prevent a forfeiture of the policy, the law would require the company to make such application of said sum in its hands as to prevent a forfeiture of said policy.

If conditions of forfeiture can be in anywise inserted in a note given for a premium or the receipt given for such note, such condition not being embraced in the policy itself, then such conditions become conditions subsequent, and not conditions precedent, and it is necessary, in order to forfeit such policy by reason of a breach of such conditions subsequent that the insurance company take affirmative action by cancelling said policy and surrendering such note, and giving notice thereof to the insured. Arnold v. Empire Mut. Ann. & Life Ins. Co. (Ga.), 60 S. E., 470.

A beneficiary has a vested interest in a life insurance policy under the decisions of the Texas courts. Washington Life Ins. Co. v. Berwald, 97 Texas, 111; Stevens v. Germania Life Ins. Co., 26 Texas Civ. App., 156, 62 S. W., 824.

If a provision in a note given for a life insurance premium and a receipt for such note is valid at all as creating a condition of forfeiture of said policy for non-payment of said note at maturity, no such condition of forfeiture being contained in the policy itself, nevertheless, such condition of forfeiture contained in such note and the receipt therefor is a right which the company may waive, and any act or acts showing an intention on the part of the company to waive such forfeiture, or showing that after the maturity of such note the company has continued to treat the policy covered by said premium note as still in force, will amount to a waiver of such forfeiture, and the policy will

be deemed to continue in force, although the note has not been paid. National Life Ins. Co. v. Reppond, 81 S. W., 1013.

*F. W. Bull* and *R. W. Franklin,* for defendant in error.—The court having found that the assured had not proved the payment of the December and March premiums and the undisputed evidence showing that he had not paid the June premium, the policy automatically lapsed at each of said times according to its terms and nothing was required to be done by the company to put such forfeitures in force. Laughlin v. Insurance Co., 8 Texas Civ. App., 448, 28 S. W., 413; Nat. L. Ins. Co. v. Reppond, 81 S. W., 1013; Nat. Ins. Co. v. Manning, 38 Texas Civ. App., 498, 86 S. W., 618; Iowa L. Ins. Co. v. Lewis, 187 U. S., 336; Klein v. Insurance Co., 104 U. S., 88; Equitable Life As. Society v. Ellis, 137 S. W., 184.

The writing of letters demanding payment of premiums in this case was not as matter of law a waiver of forfeiture provided for in the notes, receipts and policy, as the policies provided for the method by which the policy could be reinstated, towit: by the payment of the premium and a satisfactory examination for health certificate, which appellant demanded before reinstatement by letter of May 20th, which things were not done. Woodmen of W. v. Hicks, 84 S. W., 427; 25 Cyc., 869.

It was not necessary for the company to return said note to the assured, and the undisputed facts show that said policy had been cancelled on the books of the company, and the same was not included in the board contract calculations made thereafter. Cooley's Brief, vol. 3, pp. 2272-3; Ressler v. Fidelity Mut. Ins. Co. (Tenn.), 75 S. W., 735; Banholzer v. N. Y. Life Ins. Co. (Minn.), 77 N. W., 295; Iowa L. Ins. Co. v. Lewis, 187 U. S., 336; Holly v. Ins. Co., 11 N. E., 507; Fidelity Mut. L. Ins. Co. v. Bussell (Ark.), 86 S. W., 814; Bank of Commerce v. N. Y. L. Ins. Co. (Ga.), 54 S. E., 643; New Zealand Ins. Co. v. Maaz (Col.), 59 Pac., 213; Seeley v. Union C. L. Ins. Co., 10 Penn. S. Ct., 270; Wilmot v. C. O. L. Ins. Co., 46 Conn., 483; Hudson v. Knickerbocker L. Co., 28 N. J. Eq., 167; Manhattan L. Ins. Co. v. Pentecost, 105 Ky., 642, 49 S. W., 425; Sharpe v. N. Y. L. Ins. Co., 98 N. W., 66; Laughlin v. Ins. Co., 8 Texas Civ. App., 448, 28 S. W., 411. These cases support our contention, but are not available: St. L. M. L. Ins. Co. v. Grigsby, 73 Ky., 310; Dircks v. German Ins. Co., 34 Mo. App., 31; Aetna L. Ins. Co. v. Bradway, 90 Ill. App., 576.

The proceeds of board contract being less than the quarterly premium, the same could not be used to carry the policy pro rata. Hudson v. Knickerbocker Co., 28 N. J. Eq., 167; Willcuts v. N. W. M. L. Ins. Co., 81 Ind., 300.

MR. JUSTICE YANTIS delivered the opinion of the court.

This suit was brought by the plaintiff in error, Mrs. Fannie F. Underwood, in the District Court of Harris County, Texas, to recover judgment upon two life insurance policies, each in the sum of five thousand

dollars, which had been issued by the defendant in error for her benefit on the life of her husband, George B. Underwood.

Policy No. 1319 was issued December 31, 1903, with George B. Underwood's son named as beneficiary. As first issued this policy was in the sum of ten thousand dollars. Afterwards the amount was reduced to five thousand dollars, and the beneficiary changed from the son to Mrs. Fannie F. Underwood, wife of the insured. Policy No. 6098. for five thousand dollars, was issued December 30, 1905, payable also to Mrs. Underwood. George B. Underwood, the insured, died September 7, 1907, nearly four years subsequent to the issuance of policy No. 1319, and nearly two years subsequent to the issuance of policy No. 6098. The suit was upon both policies. The case was tried by the court without a jury. The trial resulted favorably to the plaintiff in error on policy No. 1319, and favorably to the defendant in error on policy No. 6098. Appeal was taken by the defendant in error, the Security Life and Annuity Company of America, to the Court of Civil Appeals for the First District. In said appeal cross-assignments upon the judgment on policy No. 6098 were made by the plaintiff in error. The Court of Civil Appeals reversed and rendered the judgment, which was favorable to the plaintiff in error on policy No. 1319, and affirmed the judgment of the District Court, which was favorable to the defendant in error, on policy No. 6098 (150 S. W., 293). A writ of error was granted by this court on the petition of the plaintiff in error, Mrs. Fannie F. Underwood, in which she claims that she is entitled to recover upon both policies, and that the Court of Civil Appeals erred in not so holding.

The defendant in error contended that both policies had been forfeited by the insured's failure to pay the premiums when due.

The plaintiff in error, among other defenses pleaded, contended that the forfeiture of both policies for failure to pay the premiums had been waived.

The premiums due on policy No. 1319, issued December 31, 1903, had all been paid except the three quarterly premiums, which became due December 31, 1906, March 31, 1907, and June 30, 1907. These premiums were never paid. By agreement a note due thirty days after December 31, 1906, was made by the insured to cover the quarterly premium which matured December 31, 1906. Said note provided for an extension of the policy for thirty days, and that a default in its payment when due would ipso facto render the policy null and void. This note was never paid.

The policy provided that a "failure to pay any premiums when due will render this policy wholly void, and forfeit all premiums paid the company, except as herein provided."

This same provision was in both policies. There was no express provision in either policy for forfeiture on account of default in the payment of any note given for premiums, though it was expressly so provided in each note that was given for premiums on both policies.

The failure to pay these premiums which were past due on policy No. 1319 would constitute a forfeiture of said policy without the necessity of the insurance company so declaring by word or act, unless it had elected not to enforce the forfeiture, but to waive it. The trial court found that it had waived the forfeiture of this policy No. 1319. His finding is as follows:

"There was manifestly a waiver of the right of forfeiture upon policy No. 1319, and the repeated demands for subsequent premiums up to the premium for June and including that, manifested and made clear that there had been no forfeiture, but the policy was still treated as in force and was desired to be continued, and, therefore, it was an existing liability for the sum of $5000 at the time of the death of the insured, and I find for plaintiff on this policy for $5000 with 6 per cent interest from December 19, 1907."

The Court of Civil Appeals held that there was evidence to support the finding which was made by the trial court, to the effect that the defendant in error had waived the forfeiture of the policy for failure to pay the quarterly premium which matured December 31, 1906, and also had waived the forfeiture for failure to pay the quarterly premium which matured March 31, 1907. But it held that there was no evidence to support the finding of the trial court in holding that there was a waiver of the forfeiture for the failure to pay the premium which matured June 30, 1907.

The evidence which tended to prove a waiver of the forfeiture consists of certain letters which were written to the insured by the insurance company on the subject of the insured's failure to pay the quarterly premiums. The letters are as follows:

"April 11, 1907. I desire to direct your attention to the premium on your policy No. 1319, which became due on March 31, 1907. We are particularly desirous of having you continue your insurance with this company, and would respectfully ask that you advise us the reason for your not remitting your premium when due. Thanking you for the courtesy of a prompt reply, I remain."

"May 8th, 1907. We have not as yet received payment of the quarterly premium on your policy No. 1319, which became due on March 31, 1907. Heretofore you have made payments very regularly and it is likely an oversight on your part that you have failed to make provision for the last payment. If for any reason you are unable to make payment at this time, we trust you will inform us, as we desire to lend our assistance wherever it will be an accommodation to our policyholders."

"July 11, 1907. The premium of $30.75 on your policy, No. 1319, became due June 30, 1907, and remains unpaid. We are particularly desirous of having you continue your insurance with this company and would respectfully ask that you advise us the reason for your not remitting your premium when due."

It was held by the Court of Civil Appeals that the letter of July 11, 1907, could not have amounted to a waiver of the forfeiture for the quarterly premium which became due June 30, 1907, for the reason that the right in the insurance company to forfeit the policy for this default did not accrue until thirty days after the default, and it could not correctly be held that the insurance company "by making demand for payment twenty days before any right to forfeiture accrued elected to waive the forfeiture when such right did thereafter accrue."

This holding by the Court of Civil Appeals can not be sustained, for the reason that under the contract of insurance the forfeiture of the policy did ipso facto occur upon the failure of the insured to pay the quarterly premium when it matured on June 30, 1907, notwithstanding the fact that the contract allowed the insured thirty days thereafter in which to pay the premium with 5 per cent interest, and to thereby avoid the forfeiture. The policy in terms provided that a "failure to pay any premium when due will render this policy wholly void." The plain effect of this provision in the policy is that, a failure to pay a premium due would ipso facto forfeit the policy. There is a provision in the contract which permits the insured, when the policy has been forfeited for failure to pay a premium due, to avoid the forfeiture by paying the premium, with 5 per cent interest, within thirty days after it became due. This provision in the policy is as follows:

"Should default be made in the payment of any premium due upon this policy as herein provided, the company will waive such default and accept payment of said premium, provided the amount thereof with interest thereon at 5 per cent per annum from the date of default be tendered to it within thirty days thereafter."

We think the defendant in error had the right and privilege on July 11, 1907, to waive the forfeiture of policy No. 1319, which had occurred for failure to pay the quarterly premium which matured June 30, 1907. The fact that by the provisions of the contract the insured could compel the defendant in error to waive the forfeiture by paying the premium with 5 per cent interest within thirty days would in no way deprive the defendant in error of the right and privilege to itself voluntarily waive the forfeiture without waiting for the insured to compel a waiver.

There can be no question but that the evidence abundantly supports the finding of the trial court in its holding that the insurance company did waive the forfeiture which occurred upon the failure of the insured to pay the quarterly premium which matured December 31, 1906, and the forfeiture which occurred upon the failure of the insured to pay the quarterly premium which matured March 31, 1907. The letters plainly show an intention on the part of the insurance company to waive these forfeitures and to allow the policy to remain in force; and in these letters the insurance company plainly recognized the validity of the policy long after the forfeitures occurred, and the thirty days had

also expired in each instance in which the insured could compel a waiver by paying the premium with 5 per cent interest.

As to policy No. 1319, the controlling question is, therefore, whether there was evidence of sufficient probative force to support the holding of the trial court that the insurance company had waived the forfeiture which occurred upon the failure of the insured to pay the quarterly premium which matured June 30th. If the insurance company intended to waive this forfeiture, and if there is evidence of sufficient probative force to warrant this conclusion on its part, then the judgment of the trial court upon this issue of fact should not be disturbed. On the contrary, the judgment of the trial court should be set aside if it is without evidence to support it.

It will be noted that the letter of July 11, 1907, which was written eleven days subsequent to the forfeiture which occurred for the failure of the insured to pay the quarterly premium which matured June 30, 1907, is not a request by the insurance company of the insured to avail himself of his privilege to avoid the forfeiture by paying within thirty days, as provided by the contract, the premium which matured June 30th, with 5 per cent interest thereon. There is no statement in the letter that the forfeiture has occurred, and that it will be enforced unless the premium, with 5 per cent interest, shall be paid as provided in the contact. There is no insistence that the insured avail himself of his privilege to avoid the forfeiture. There is no statement that the insurance company is standing upon the forfeiture, or will do so. There is the statement that the insurance company is particularly desirous of having the insured to continue his insurance with the company. Now, what was the intention of the insurance company with reference to a waiver of the forfeiture when it wrote this letter? In determining this question we think it was the province of the court, in passing upon the weight of the evidence, to take into consideration the past course of the insurance company with reference to the two previous forfeitures which had occurred but which it had plainly waived. We think it was the privilege of the court, sitting as a jury to pass upon the facts to discover the intention of the insurance company, to take into account the fact that the insurance company had waived the two previous forfeitures which had occurred for failure to pay the two preceding matured premiums, and to conclude from this past course of the company, together with the terms of the letter of July 11, 1907, that the intention of the insurance company was to do as it had been doing, that is, to waive the forfeiture which occurred upon the failure of the insured to pay the June 30th premium.

This court, speaking through the late Chief Justice Brown, in the case of Wininger v. Ft. Worth & D. C. Ry. Co., 105 Texas, 56, 143 S. W., 1150, announced the correct rule when testing the probative force of the evidence when it said, "If, discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been

drawn from the facts proved, a jury might have found in favor of the plaintiff," then there was evidence to support their verdict. The same rule was announced by this court in the case of Cartwright v. Canode, 106 Texas, 507, 171 S. W., 696. Now, in this case, credit should be be given to all evidence favorable to the plaintiff in error, and every legitimate conclusion should be indulged favorable to her which might have been drawn from the facts proved, and when following this rule we think the previous course by the insurance company in waiving the forfeiture in the two previous instances mentioned was a circumstance which the court, sitting as a jury, had the legitimate right to consider in determining the intention of the insurance company when it wrote the letter of July 11, 1907. Equitable Life Assurance Association of the United States v. Ellis, 105 Texas, 526, 147 S. W., 1152, 152 S. W., 625.

We, therefore, hold that there was evidence to support the finding of the trial court that the insurance company waived the forfeiture of policy No. 1319. We think the Court of Civil Appeals erred in reversing and rendering the judgment of the trial court rendered on this policy.

The trial court rendered judgment in favor of the insurance company on policy No. 6098. By cross-assignment the plaintiff in error contended in the Court of Civil Appeals, and contends here by petition for writ of error, that this policy was in full force and effect on the date of the death of the deceased, George B. Underwood. One of her contentions is that the forfeiture as to this policy was waived by the insurance company. The trial court held otherwise, and we find very slight circumstances in the record indicating an intention on the part of the insurance company to waive the forfeiture; and from these circumstances the trial court, in passing upon the weight of the evidence, had a right to indulge the conclusion that no such intention was shown. It was legitimate for the trial court to conclude that the circumstances offered were insufficient to prove such intention. From the circumstances in evidence we could not conclude or announce that the undisputed evidence showed a waiver of the forfeiture. We would not feel authorized to disturb the judgment of the trial court upon this ground.

Another contention made by the plaintiff in error as to policy No. 6098 is, that there had been no default in the payment of the premium, for it insists that the insurance company by reason of a certain "board contract," which was in evidence, was indebted to the deceased in a sufficient amount to pay the last year's premium, the first year having been fully paid in cash. The "board contract" was to the effect that in consideration that the insured "shall annually furnish the company upon its request the names of ten people residents of his county whom he deems insurable," and further "shall cause the company to receive the regular premiums on an amount of insurance aggregating at least ten thousand dollars" the company would pay the insured within thirty days from June 30th annually during the life of the contract a certain amount based upon the amount of insurance upon which the insured

caused the premiums to be paid. Now the contention is that the amount due the insured under this contract for the premiums which were paid by the insured on his own two policies would be sufficient in amount to pay the last year's premium, for which there was otherwise default. But it will be noted that under this "board contract" nothing was due to the insured unless he caused the company "to receive the regular premiums"; and in the matter of his own two policies, if they were within contemplation by the "board contract" at all, the regular premiums had not been received by the company. There was default in the payment of the second year's premium on policy No. 6098, and in three of the quarterly premiums due on policy No. 1319. In no event could the insured be given credit for these defaulted premiums. We think the trial court and the Court of Civil Appeals were correct in holding that the "board contract" did not create a liability against the insurance company, in favor of the insured, sufficient to pay the premium which insured owed for the last year on policy No. 6098.

Another contention by the plaintiff in error in relation to policy No. 6098, is that a full year's premium having been paid on this policy, she as beneficiary had a vested interest therein, and as the policy itself did not provide for a forfeiture for non-payment at maturity of the note which was given for the premium due December 31, 1906, and which note became due ninety days after date, but was not paid, the policy would not be ipso facto forfeited for such default, notwithstanding the note and contemporaneous receipt each contained such express provision, but that a forfeiture would only result after it had been properly so declared by the insurance company. When this policy was issued on December 30, 1905, the insured paid one year's premium, but when the next year's premium matured on December 30, 1906, by agreement between the insured and the insurance company the former executed his note for that year's premium, and the insurance company gave him a receipt therefor. The note and the receipt each provided that a failure to pay the note when due would render said policy ipso facto null and void. The contention is that as the policy itself did not provide for its forfeiture for a failure to pay a note given for a premium due, would render the policy null and void, the recitals in the note and in the receipt to that effect would not be binding upon the beneficiary in the policy, who is the plaintiff in error. We think this contention should be overruled. The policy provided that a failure to pay any premium due would render it null and void. In other words, on such failure to pay any premium due the policy would ipso facto forfeit. We think the note given represents the premium, and takes its place in the contract. It is the equivalent of the premium, and should be treated as such, when the note itself preserves substantially the provisions of the contract which relate to a failure to pay the premium for which it was given. We think the beneficiary should not be allowed to accept the benefits of the extension of the life of the policy which was provided by the execution of the note by her husband, and its

acceptance by the company, and at the same time be heard to complain that it changed the contract and disturbed her vested rights. It seems inequitable for her to rely upon the note to prevent a forfeiture of the policy for a failure to pay a premium, and at the same time to repudiate the provisions of the note relating to forfeiture, when they are substantially the same provisions provided in the policy itself.

We are aware that there are reputable authorities in other jurisdictions holding a contrary view, but we decline to follow them. The judgment of the Court of Civil Appeals is reversed in part and affirmed in part. The judgment of the District Court should in all things be affirmed; and it is so ordered.

*Reversed in part and judgment of District Court affirmed.*