## MANNING v. GOOLSBY. (No. 491.)*

(Court of Civil Appeals of Texas. Waco. Feb. 17, 1927. Rehearing Denied March 24, 1927.)

1. **Appeal and error ⟊745—Unless assignments of error are copied in transcript, only fundamental error can be considered (Rev. St. 1925, art. 2281).**

Under Rev. St. 1925, art. 2281, appellate court cannot consider assignments of error unless they are copied in the transcript, but in that event can consider only fundamental error.

2. **Corporations ⟊80(11)—In action by buyer of note for stock, wherein maker's defense was fraud by promoter, receipt for claims against promoter and deed pursuant thereto held admissible.**

In action by buyer of note given for shares of stock in corporation, wherein maker's defense was fraud in securing the notes on the part of promoter of corporation, receipt given by maker and others to promoter in full for all claims, charges, and actions of every kind and deed, executed by promoter and wife pursuant to this receipt, *held* admissible in evidence.

3. **Corporations ⟊432(12)—In action by buyer of note given for stock against maker claiming fraud, evidence held to sustain finding that one selling note had apparent authority from corporation or promoters.**

In action by buyer of note given for shares of stock in corporation, wherein defense was fraud by promoter in securing it, evidence *held* to sustain finding of jury that such promoter had apparent authority from the corporation or the promoters thereof to sell the note.

4. **Appeal and error ⟊1001(1)—Appellate court will not set aside jury's finding if evidence in most favorable aspect sustains it.**

If record shows evidence on which jury could arrive at verdict, appellate court should not set it aside; test being whether evidence in most favorable aspect sustains finding.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Suit by Z. T. Goolsby against O. Y. Manning and wife. From a judgment for plaintiff, defendant O. Y. Manning appeals. Affirmed.

See, also, 270 S. W. 936.

I. W. Keys, of Mexia, for appellant.
Rennolds & Rennolds, of Mexia, and J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellee.

BARCUS, J. This suit was filed by appellee against appellant to recover on a note executed by him June 19, 1922, for $2,500, payable September 19, 1922, to the Mexia Citrus Fruit Growers' Association. Appellee alleged that appellant, for the purpose of defrauding his creditors and without consideration, transferred all of his property to his wife. Appellee procured the issuance of an attachment, which was levied on part of the real estate which appellant had transferred to his wife, and he asked for a foreclosure of the attachment lien against both appellant and his wife. Appellant answered by general denial, and further alleged that the note sued on was void and nonenforceable because it was given for the purchase of stock in the Mexia Citrus Fruit Growers' Association, a corporation, and that the note was obtained by fraud and false representations made to appellant by G. W. Wentz, promoter of said corporation. He alleged that appellee was a director in the corporation and knew that the

*Writ of error dismissed for want of jurisdiction May 11, 1927.

note was void and knew of the fraud that was practiced on him by said Wentz. The cause was submitted to a jury on special issues. The jury, among other findings, found that appellee purchased said note in good faith, without knowledge of any defect or infirmity therein, from G. W. Wentz, and that at the time he purchased same Wentz was clothed with apparent authority from the Mexia Citrus Fruit Growers' Association to sell same. Based upon the findings of the jury and additional findings by the court, judgment was entered by the trial court in favor of appellee for the face of the note, principal, interest, and attorney's fees, together with a foreclosure of the attachment lien. There were no objections made by any of the parties to the issues submitted, and no request made for the submission of any issues in addition to those submitted.

[1] Appellant, by the first four assignments of error in his brief, complains of the action of the trial court in permitting the witness Wentz to testify to certain facts. Neither of these assignments is contained in appellant's motion for new trial nor in the transcript, and appellee objects to our considering same because they are not in the transcript. Appellee's objections are well taken. Under the provisions of article 2281 of the Revised Statutes, it is mandatory that the assignments of error be copied in the transcript. The appellate court is not authorized to consider any but fundamental error not copied in the transcript. English v. Allen (Tex. Civ. App.) 173 S. W. 1172; Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903. We have, however, examined these assignments and do not think the trial court was in error in admitting the testimony complained of.

[2] Appellant complains of the action of the trial court in permitting appellee to introduce in evidence a receipt which had been executed to G. W. Wentz by appellant, E. A. Berry, and M. L. Smith, under the terms of which appellant, Berry, and Smith gave Wentz a full receipt for all claims and charges and actions of every kind that they might have against him in consideration of Wentz and his wife conveying to appellant, Berry, and Smith by warranty deed certain lands in Cameron county, Tex., and appellant also objected to the introduction of the deed executed by Wentz and wife in compliance with said receipt. We overrule these assignments. It appears from the record that appellant, Wentz, E. A. Berry, and M. L. Smith had agreed to and did organize a corporation known as the Mexia Citrus Fruit Growers' Association; that Wentz was the promoter thereof; and that he had represented to the other parties that he owned some valuable lands in Cameron county which he would sell to the corporation and the corporation was to take the lands and develop same. It appears that the parties subscribed for certain amounts of stock and paid to Wentz part cash and gave their notes for the remainder. Appellant subscribed for $5,000 of stock, for which he paid $2,500 in cash and executed the note in controversy for the remainder. It appears that the land which Wentz was to sell to the corporation, instead of being free of incumbrance, was heavily incumbered, and by reason of the lack of funds and because said land was not free of incumbrance, the project failed. Appellant in his answer alleged that Wentz had made fraudulent representations with reference to his ownership of the land and with reference to his financial ability, and charged that as a matter of fact he did not own the land. Several of the witnesses had testified with reference to the organization of the proposed corporation, the incidents leading up to its organization, and the reasons for its having failed in its purpose. The deed was executed by Wentz and his wife for the purpose of reimbursing and paying to appellant and the other parties all the moneys which he (Wentz) had obtained from them in the promotion of the enterprise, and the receipt appears to have been executed by appellant and the other parties in full satisfaction of all claims against him. We think the instruments were admissible in evidence.

[3, 4] Appellant contends that the finding of the jury that Wentz was clothed with apparent authority from the Mexia Citrus Fruit Growers' Association, or the promoters thereof, to sell the note in question, is without support in the evidence. We overrule this assignment. The record shows without dispute that Wentz was the promoter and organizer of the company. Wentz testified that appellant's note was turned over to him by the stockholders and directors, with the knowledge and consent of appellant, with instructions on their part for him to sell the note; that he took same with their knowledge and consent for said purpose; and that he sold it to appellee and turned the money into the treasury of the company. In passing upon the sufficiency of the testimony to support the finding of the jury, if there is in the record sufficient evidence on which the jury could arrive at its verdict the appellate court should not set same aside, and the real test is: Does the evidence in its most favorable aspect sustain the jury's finding? Cartwright v. Canode, 106 Tex. 507, 171 S. W. 696; Underwood v. Security L. & A. Co., 108 Tex. 381, 194 S. W. 585. We think the evidence amply supports the finding of the jury.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.