## LEE v. ÆTNA INS. CO.  (No. 3667.)

Court of Civil Appeals of Texas.   Texarkana. March 14, 1929.

Truett & Neathery, of McKinney, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). The stipulations in the policy and notes being valid (North River Ins. Co. v. Reeder [Tex. Civ. App.] 288 S. W. 257; Equitable Life Assur. Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625), and it conclusively appearing in the evidence that appellant had not paid the note due November 1, 1926, at the time the property was destroyed by the windstorm of May 9, 1927, the judgment is not erroneous, unless it appeared that there was evidence warranting a finding that appellee waived the right it had to invoke the violation of the stipulations as a defense against the recovery appellant sought. If appellant's contention that there was such evidence ought to be sustained, it must be because that referred to in the statement above authorized such a finding; for (as we view it) there was none other of importance to the question adduced at the trial.

Appellant's view of such evidence seems to be that the jury might have found therefrom that for many years he had had appellee to carry insurance for him; that at his request, through its local agent, Yeatts, appellee had agreed to extend the time of the payment of the note from November 1, 1926, to January 1, 1927; that said Yeatts promised to take up with appellee the matter of obtaining a further extension of the time for such payment and to let appellant know the result; that it appeared from its letter of May 2, 1927, to Yeatts that, whereas appellee may not in fact have agreed to any further extension of the time for the payment of the note, and was insisting on the payment of same, it was not claiming that the policy had lapsed and was inoperative, but, on the contrary, was treating same as then operative and in full force and effect; and that, had Yeatts when he received said letter of May 2, 1927, advised appellant that appellee was demanding payment of the note, he would have paid it before the time when the windstorm occurred.

Appellant argues that, having made such findings, the jury would have had a right to conclude therefrom that appellee was in the attitude of having waived the stipulations in the policy and notes referred to, and cites Equitable Life Assur. Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Underwood v. Life & Annuity Co., 108 Tex. 381, 194 S. W. 585; and Roberts v. Ins. Co. (Tex. Com. App.) 221 S. W. 268, as cases supporting that view of the law.

The holding in the Ellis Case was that a finding that the insurer had waived its right to treat the life policy as forfeited was warranted by evidence showing that, in correspondence between it and the insured after the time when it had a right to regard the policy as forfeited, it recognized same as valid and still in force. Under that state of facts the Supreme Court thought the insured was entitled to a reasonable time within which to accept a proposition based on the then validity of the policy the insurer made him in such correspondence, and, the insured having died before the expiration of such a time, that the beneficiary named in the policy was entitled to recover thereon. A material difference between that case and this one, we think, lies in the fact that in this one, contrary to appellant's view of the evidence, there was nothing showing that appellee treated the policy as not suspended but in force after January 1, 1927, the time to which it had agreed payment of the note might be extended. There was in fact no evidence showing appellee ever to have been requested to extend the time of payment beyond said January 1, 1927, or that it ever had any communication with appellant about the note after that time. It is argued that it appeared Yeatts had violated his duty in not at once advising appellant, on receiving the letter of May 2, 1927, that appellee was insisting upon payment of the note. But it seems to us the duty Yeatts violated was one he owed to appellee, and not to appellant.

The holding in the Underwood Case was that a finding that a waiver of a forfeiture of a life policy for nonpayment of premium due June 30, 1907, was warranted by evidence showing the insured had waived the payment of premiums due December 31, 1906, and March 31, 1907, and on July 11, 1907, had written the insured as follows:

"The premium of $30.75 on your policy No. 1319 became due June 30, 1907, and remains unpaid. We are particularly desirous of having you continue your insurance with this company, and would respectfully ask that you advise us the reason for your not remitting your premium when due."

As we view it, the Underwood Case furnishes no greater support than the Ellis Case does for appellant's contention.

And we think the Roberts Case furnishes even less support for such contention than that furnished by either of the other cases, for the holding in that case was predicated on evidence showing the jury had a right to believe that the insurer had agreed in a letter it wrote the insured before he died September 10, 1914, to extend the time for the payment of the premium to October 1, 1914.

We think the action of the trial court in instructing the jury as he did was not erroneous, and therefore will affirm the judgment.