# FARMER v. BURROUGHS ADDING MACH. CO.

## No. 1988.

Court of Civil Appeals of Texas. Beaumont.
June 18, 1930.

Rehearing Denied July 2, 1930.

A. L. Shaw and Crook, Lefler, Cunningham & Murphy, all of Beaumont for plaintiff in error.

B. F. Pye, of Beaumont, for defendant in error.

O'QUINN, J.

■■ This is an appeal by writ of error from a judgment of the county court at law of Jefferson county, Tex., in favor of defendant in error against plaintiff in error. The judgment of the. trial court was entered on September 19, 1929. The cause was appealed by writ of error, and the record filed in this court February 27, 1930. On February 26, 1930, plaintiff in error filed what is designated "Additional Assignments of Error" in the trial court, and the paper containing same was filed in this court with the record on February 27, 1930, though it was not copied in the transcript nor in any manner made to constitute a part of same, but was the original paper filed separately in the court below, and is such now. Defendant in error filed its motion to strike from the record such assignments because not embodied in the transcript as required by law, article 2281, R. S. 1925. The motion is sustained. It is mandatory that assignments of error must be copied in the transcript; hence assignments brought up in the manner here shown cannot be considered. Article 2281, R. S. 1925; Manning v. Goolsby (Tex. Civ. App.) 292 S. W. 589; First Nat. Bank v. First State Bank (Tex. Civ. App.) 6 S.W.(2d) 778; O'Neal v. Allison (Tex. Civ. App.) 10 S.W.(2d) 257.

■ Defendant in error has also filed motion to strike plaintiff in error's brief because same was not filed in the trial court nor in this court, as required by law, and because said brief was not filed within such time as afforded defendant in error a reasonable time in which to answer said brief. The record, as before stated, was filed in this court on February 27, 1930. On March 20, 1930, the cause was by this court set for submission on May 15, 1930. Plaintiff in error filed his brief in the trial court and in this court on May 12, 1930, two days before submission. The record is rather voluminous; the transcript containing '135 pages. The brief of plaintiff in error contains 41 pages. It is shown by the verified motion of defendant in error to strike that his counsel is practicing law alone, that he has quite an amount of matters and cases on hand demanding his constant attention, and that he could not in the time between the filing of plaintiff in error's brief and the date of submission have a reasonable opportunity to answer plaintiff in error's brief. Defendant in error has filed no brief, or attempted to do so, because of the reasons above stated, and insists upon the submission of the cause and upon the striking of plaintiff in error's brief. Under the facts, we think that the motion to strike should be sustained, and the brief is therefore stricken.

■ Plaintiff in error's appeal being before us without any brief, only fundamental error can be considered. Plaintiff in error insists that fundamental error appears, but, after carefully searching the record, we fail to find such, and therefore the judgment must be affirmed, and it is so ordered.

Affirmed.