## EXPORTERS & TRADERS COMPRESS & WAREHOUSE CO. v. STEELE.

### No. 1969.

Court of Civil Appeals of Texas. Waco.

Dec. 16, 1937.

Cecil R. Glass, of Marlin, for appellant.

Rogers & Rogers and Prentice Oltorf, all of Marlin, for appellee.

GALLAGHER, Chief Justice.

This suit originated in a justice court of Falls county. An appeal from the judgment of that court was taken to the district court of said county, where, on a trial before the court, judgment was rendered in favor of appellee, Annie Steele, a feme sole, against appellant, Exporters & Traders Compress & Warehouse Company, for the sum of $177.70.

Appellant maintained a warehouse in Marlin, Tex., in which it stored baled cotton for hire. The compress property was about 300 feet long from north to south. The space used for storing cotton occupied about 280 feet of the east front and extended westward nearly a block. A railroad switch track ran parallel with said warehouse on the east side, and cotton was received from and delivered to cars standing thereon. The main line of the railroad was a short distance east of said switch track. The east side of said

warehouse was open at the time of the fire. Transients from time to time in considerable numbers occupied and rode in empty box cars. A public school was located in the immediate neighborhood and school children from time to time entered the warehouse, but, when observed by appellant's employees, they were required to leave. There were about 3,300 bales of cotton stored in the warehouse, and the charges for such storage amounted to approximately $1,000 per month. Bales were set on end in tiers 7 bales wide, extending westward. There was supposed to be a 12-foot aisle between each tier, but, as one witness testified, it did not always work out that way. Loose cotton continuously accumulated in the aisles and between the bales. Some effort was made to remove such accumulations, but the testimony as a whole indicates it was only partially successful. There was an emergency fire protection system installed and its sufficiency is not questioned. The compress was not running the day of the fire. A general inspection by the manager of the compress and two other employees had been made between 1 and 2 p. m. After such inspection, all the employees of appellant except one left the plant. His regular duties were those of an engineer, but he also worked in the office when the compress was not running. The fire occurred about 4:30 p. m. and its origin was unknown. It was first discovered among the bales near the east side.

█ The foregoing recitals are a mere outline of the general situation. The court filed twenty-seven separate findings of fact. Appellant assails the sufficiency of the evidence to support certain of the findings so made. The findings so assailed are, in substance, that the location of appellant's warehouse, the magnitude of its business, and the income arising from its operation justified and required the employment of watchmen; that there was no effective watch to discover possible danger from fire for nearly three hours preceding its actual occurrence; that, had a watchman been on duty where he could have seen the fire at its origin, he would have discovered the same in time to extinguish it or hold it under control until the arrival of the fire department; that appellant's employee, after having been notified by neighbors of the existence of the fire and having arrived at the scene, did not utilize the emergency fire ex-

tinguishing equipment in the manner, to the extent, and for the length of time that a person of ordinary prudence would have done, but abandoned the effort and returned to the office to put the books and papers in the vault; that, had he continued such effort, he could probably have held the fire under control until the arrival of the fire department, and that the acts and omissions aforesaid constituted negligence and were the proximate cause of the destruction of appellee's cotton. We are required, in passing upon the sufficiency of the evidence to sustain such findings, to view the same in the light most favorable thereto, disregarding all evidence to the contrary. No question of conflict in the evidence or of the preponderance thereof is involved. Williams & Chastain v. Laird, Tex.Civ.App., 32 S.W.2d 502, 505, par. 1, writ refused, and authorities there cited; Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, par. 1, 143 S.W. 1150; Underwood v. Security Life & Annuity Co., 108 Tex. 381, par. 3, 194 S.W. 585.

█ The accuracy of the testimony of interested witnesses and the weight to be given thereto were questions for the trial court, who saw such witnesses and heard them testify. Smalley v. Octagon Oil Co., Tex.Civ.App., 82 S.W.2d 1049, 1052, pars. 5 and 6, and authorities there cited. The findings of the trial court on fact issues are as binding on appeal as the findings of a jury would be. Sanborn v. Gunter & Munson, 84 Tex. 273, par. 2, 17 S.W. 117, 20 S.W. 72; Hewitt v. Green, Tex.Civ.App., 28 S.W.2d 892, 893, pars. 5 and 6, and authorities cited.

█ Appellant was of course required to exercise at all times ordinary care to prevent the destruction of appellee's cotton by fire. What constitutes ordinary care varies with the circumstances of the case and imminence of the danger. Houston & T. C. R. R. Co. v. Alexander, 102 Tex. 497, par. 2, 119 S.W. 1135. Some of the testimony tending more directly to support the findings assailed will be here stated, and, as required by the authorities above cited, in the light most favorable to such findings. There was no regular watchman employed except at night. The man on duty during the day was expected to keep watch for fire and trespassers. The inspection to which reference has been heretofore made seems to have been a general one and probably made on account of the visit of appel-

lant's general manager, Mr. Harlan, appellant's engineer and assistant in its office, alone remained behind after such inspection. He was employed in clerical work in the office and did not claim to have been on watch. He testified that when the members of the inspection party left he went to the office and remained there until he was advised that the cotton was on fire. The fire was discovered by Mr. Kemper, a business neighbor, who caused notice to be given to the fire department and also to Mr. Harlan in the office. The fire, when first seen, was between 2 bales and rose not more than 18 inches above the same. Mr. Harlan testified that, upon being informed thereof, he ran to the scene; that the fire at that time covered a space about 18 feet square; that he took an emergency hose, turned on the water, and threw the stream against the ceiling; that he decided he could not control the fire, abandoned any effort to do so, and ran back to the office to secure the books and papers and put them in the safe. He was the only one who testified to any effort to extinguish the fire or keep it under control. Appellant's general manager, for some reason not explained, appeared on the scene while said witness was there. He made no effective effort to control the fire. He did not testify in the case. When the fire department arrived, a large part of the cotton area was covered with flames and practically all the same was destroyed. It is impracticable of course to state the testimony in detail. Appellant's witnesses were its employees, and, as such, interested in exonerating themselves from blame and their employer from liability. The physical facts recited in the court's findings are amply supported by the evidence. He saw the witnesses and heard them testify in detail. He, better than any one else, was in position to reach a conclusion with reference to whether ordinary care was exercised by appellant's employees. In this connection, appellant's complaint of the court's finding on proximate cause is confined to the origin of the fire.

The court's finding on proximate cause was with reference to the ultimate destruction of the cotton and was broad enough to include any negligence in failing sooner to discover the fire or to effectively use available equipment to extinguish or hold the same under control until the arrival of the fire department. Upon consideration of the testimony as a whole, we have reached the conclusion that the same, on the issues of negligence and proximate cause, raised one or more fact issues on each for determination by the trial court, and that it is therefore our duty to sustain his action. See, generally, Exporters' & Traders' Compress & Warehouse Co. v. Shaw, Tex.Civ.App., 20 S.W.2d 248, 254, par. 14; Exporters' & Traders' Compress & Warehouse Co. v. Hemphill, Tex.Civ.App., 292 S.W. 599, pars. 1 to 6, inclusive; Exporters' & Traders' Compress & Warehouse Co. v. Wills, Tex.Civ.App., 204 S.W. 1056, 1057, par. 4; Whittington v. Cameron Compress Co., Tex.Civ.App., 268 S.W. 216, pars. 13 and 14, affirmed Tex.Com.App., 280 S.W. 527; Tubbs v. American Transfer & Storage Co., Tex.Civ.App., 297 S.W. 670, par. 5.

The judgment of the trial court is therefore affirmed.