## GLENN v. GLENN.
### No. 2464.

Court of Civil Appeals of Texas. Eastland.

Sept. 29, 1944.

Rehearing Denied Oct. 20, 1944.

Murray J. Howze, of Monahans, for appellant.

Allen D. Dabney, of Eastland, for appellee.

LESLIE, Chief Justice.

Etura Glenn instituted this suit against James A. Glenn, her husband, seeking to recover of him a divorce, the care and custody of two small children and to establish some property rights. The defendant answered contesting her claims, and a trial before the court without a jury resulted in a judgment in favor of the plaintiff granting her the divorce, the care and custody of the children, as well as certain separate property rights and some support for the children during a limited time.

The appellant contests the judgment on the ground that "The evidence is not sufficient to sustain a judgment for divorce on the ground of cruel treatment as alleged in plaintiff's petition." No point is made that there is no evidence to support the judgment, or that it is against the great weight and preponderance of the evidence.

The plaintiff seeks the divorce upon the ground specified in Art. 4629, sec. 1, Vernon's Ann.Civ.St., reading as follows:

"Where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

Under the testimony, the plaintiff relies upon such authorities as Eatman v. Eatman, 75 Tex. 473, 12 S.W. 1107; McCullough v. McCullough, Tex.Civ.App., 20 S.W.2d 224; Arendale v. Arendale, Tex.Civ.App., 22 S.W.2d 1080; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; and Kyle v. Kyle, Tex.Civ.App. 55 S.W.2d 885.

It is a well settled rule that it is for the jury or the court (as in this case) to decide issues of fact upon conflicting evidence or such evidence which is susceptible to diverse inferences. 41 T.J. 934, sec. 164; 3 T.J. p. 1088, sec. 764. The least that can be said of the evidence in this case is that it is conflicting, presenting questions of fact for the determination of the trial court, since the case was tried without a jury. 19 T.J. p. 682, sec. 254. Under such circumstances it is elementary that the trier of facts has the exclusive function of determining the credibility of the witnesses and the weight to be given to their testimony. 17 T.J. p. 889, sec. 403. Further, a reviewing court will not disturb the verdict of the jury or the findings of the trial court (when trial is without a jury) where there is some evidence to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585; 17 Tex.Jur. p. 909, sec. 410. With these rules in mind we have carefully considered the evidence presented in this case, and

232

we readily reach the conclusion that the judgment of the trial court has a reasonable and sufficient support in the testimony, and is fully warranted by the above authorities.

The judgment is affirmed.