## McCLURE v. McCLURE.
### No. 15116.

Court of Civil Appeals of Texas.
Fort Worth.
March 10, 1950.

Kramer & Hogg and Stanley C. Hogg, Dallas, for appellant.

Andrew J. Priest, G. H. Kelsoe, Jr., J. H. Hand, and Jack Johannes, Dallas, for appellee.

SPEER, Justice.

Appellant Thelma Jo McClure brought this suit in the form of an equitable bill of review against appellee Jim Luther McClure to set aside, review and re-litigate a property settlement agreed to by the parties,

incorporated in a judgment for divorce and division of property between the parties, in December, 1947.

The petition is based upon allegations of fraud, concealment of property owned and misrepresentations of true facts made by appellee at a time when the parties were husband and wife, upon which she relied in making the property settlement. Much of the property involved was a partnership business known as the McClure Electric Company owned by appellee and his brother, Clarence McClure. The latter was named as a defendant in the instant suit because of certain allegations made by appellant concerning his acts in the matter.

Trial was to a jury on special issues. Judgment for appellee, defendant below, was entered on the verdict. Mrs. McClure, plaintiff below, has appealed.

Appellant's points of error one to five challenge the judgment as entered on the verdict because: The verdict was not supported by the evidence; the verdict was contrary to the law and the evidence; appellant should have had an instructed verdict; and the court erred in refusing to sustain appellant's motion for new trial, wherein the above matters were brought to the attention of the court. There is no material difference in the issues raised by the enumerated points of error and it was proper for appellant to group them as she did in her brief.

The trial court submitted to the jury seventeen searching inquiries of the facts necessary for determination. In the absence of any objections by appellant to the issues submitted and having made no request for additional inquiries, we must assume that those submitted presented all ultimate issues of fact raised by the pleadings and evidence, and that appellant was satisfied with the manner in which they were submitted.

We have carefully read the testimony offered by each of the parties. As respects matters material here it is in hopeless conflict. The contentions of the respective parties are in such irreconcilable conflict it would seem like labor lost to detail it all and to do less would seem hurtful to the side from which parts were omitted. It is now the settled rule that when the testimony is conflicting the jury is called upon to reconcile it if possible and if not then to render verdict in favor of the party to whose testimony they gave the greater weight and credence. Highway Insurance Underwriters v. Roberts, Tex.Civ.App., 224 S.W.2d 903, writ refused, n. r. e.

The rule announced in the last cited case was followed in McLean v. McCollum, Tex.Civ.App., 209 S.W.2d 959, 960, writ refused, n. r. e., and that court went on to say: "To test the sufficiency of the evidence to determine if it will support the verdict of the jury, we must give credence only to the evidence and circumstances favorable to the verdict and disregard all evidence and circumstances to the contrary."

In somewhat different language even a more liberal rule is announced in Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585. Furthermore, if the record shows that there is some evidence of probative value to support the verdict of a jury or the fact findings of the court when no jury is had, appellate courts ordinarily will not disturb the judgment based thereon. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231.

Conflicting as the evidence is in this case, it is quite apparent that the trial court should not have instructed a verdict for either party. Texas Employers Ins. Ass'n v. Ferguson, Tex.Civ.App., 196 S.W. 2d 677, error refused, n. r. e.; Coca Cola Bottling Co. of Fort Worth v. Burgess, Tex.Civ.App., 195 S.W.2d 379, refused, n. r. e. The testimony offered by appellee, if believed by the jury, was abundantly sufficient to support the verdict. The jury did in fact give greater credence to appellee's testimony than to that of appellant. Points one to five are therefore overruled.

We have read and thoroughly considered the sixth point of error, which involves matters akin to both rules of procedure and admission of testimony. We

overrule the point. In the belief that any discussion of the point would prove of no value to the bench or bar, but to the end that the parties litigant may have the benefit of our conclusions thereon, we are writing our reasons for such conclusions in the form of a supplemental opinion to this one and as provided by Rule 452, Texas Rules of Civil Procedure, are marking the supplemental opinion not for publication.

There being no reversible error in the record, the judgment of the trial court is affirmed.