## J. W. CARTWRIGHT ET AL. v. H. P. CANODE.

### No. 2326. Decided December 16, 1914.

**1.—Trespass—Posse Summoned by Officer—Charge.**

In an action for damages against persons participating with officers in seizure and taking away of intoxicating liquors of defendant under a search warrant authorized only by an unconstitutional statute, the charges considered are held to relieve defendants from liability if they acted only as a posse summoned by such officers and in ignorance of the invalidity of the search warrant. (Pp. 505, 506.)

**2.—Practice in the Supreme Court.**

The Supreme Court can not reverse because the verdict is against the preponderance of the evidence.    (P. 507.)

**3.—Trespass—Posse Summoned by Officer—Voluntary Participation.**

The evidence, considered in the light most favorable to support of the verdict, is held sufficient to warrant a submission of the question whether defendants voluntarily participated in an unlawful trespass on plaintiff's property by officers acting under a void search warrant, or merely did so upon summons of such officers and in ignorance of the unlawful character of the act, and to support a finding for plaintiff based on the former theory, in which case the writ and their ignorance of its invalidity did not protect them.    (Pp. 504-508.)

Error to the Court of Civil Appeals, Second District, in an appeal from Potter County.

Canode sued Cartwright and others and had judgment. Defendants appealed, and on affirmance obtained writ of error.

*Madden, Truelove & Kimbrough, F. M. Ryburn,* and *Hart & Patterson,* for plaintiffs in error.—Appellants in acting under the direction or at the request of known officers of the law were protected from liability for the execution of illegal process.    Kirbie v. State, 5 Texas App., 60; Firestone v. Rice, 15 Am. St., 266; McMahan v. Green, 80 Am. Dec., 665; Tryan v. Pingree, 67 Am. St., 421, note; Reed v. Rice, 19 Am. Dec., 122; Cooley on Torts (2nd ed.), p. 542; 44 Am. St., 137, note; 67 Am. St., 421, note; Sessums v. Botts, 34 Texas, 335; Hinke v. McCord, 55 Iowa, 378; Miller v. Dunn, 72 Cal., 469; Hampton v. Dilley, 2 Idaho, 1162; State v. Auditor, 47 La. Ann., 1695; Collier v. Montgomery Co., 103 Tenn., 715; 35 Cyc., 1743, and authorities there cited.

The evidence showing that appellants did the acts complained of at the request of known officers of the law, in ignorance of the invalidity of the process under which they were acting, the court should have instructed a verdict in their favor.    Same authorities.

Appellants had a right to presume that the Rangers were acting under their authority in the execution of a writ issued in accordance with law.    City of San Antonio v. Tobin, 101 S. W., 269; San Antonio v. Beck, 100 Texas, 589; Howard v. Perry, 7 Texas, 259; Wooters v. Hall, 61 Texas, 15; Irwin v. Mayes, 31 Texas Civ. App., 517; 9 Enc. of Ev., 952; 16 Cyc., 1076.

(In support of a motion for rehearing, which was overruled.)

This court was bound by the finding of the Court of Civil Appeals that plaintiffs in error did not voluntarily participate in the raid, and that all plaintiffs in error did was at the request of the State Rangers. T. & N. O. Ry. Co. v. Echols, 87 Texas, 339; Needham Piano Co. v. Hollingsworth, 91 Texas, 49; Mutual Life Ins. Co. v. Hayward, 88 Texas, 315; Bauman v. Jaffray, 86 Texas, 617; S. A. & A. P. Ry. Co. v. Mertink, 101 Texas, 165; Hugo, Schmeltzer Co. v. Paiz, 104 Texas, 563; Sabine Tram Co. v. T. & Ft. S. Ry. Co., 143 S. W., 143; Western U. Tel. Co. v. Cates, 148 S. W., 281; Schwingle v. Keifer, 153 S. W., 132; Cochrane v. Wilson, 160 S. W.; 593.

This honorable court erred in its judgment and opinion wherein it stated the jury might conclude from the facts that the defendants volunteered to aid in the raid, and that it had legal authority to discard evidence explanatory of the defendants' conduct, which they must have done in this instance, because the verdict of a jury must be based upon facts in evidence and not upon inferences or conclusions. Zapp v. Michaelis, 58 Texas, 270; Mo. Pac. Ry. Co. v. Somers, 78 Texas, 439; Willis v. Lewis, 28 Texas, 185; Dimmitt v. Robbins, 74 Texas, 441; Mutual Life Ins. Co. v. Tillman, 84 Texas, 31; Short v. Kelly, 62 S. W., 944; I. & G. N. Ry. Co. v. Brice, 111 S. W., 1094; Texas Midland R. R. Co. v. Wiggins, 161 S. W., 445; Keneman v. Hubbard, 160 S. W., 304.

*Reeder & Graham, N. A. Stedman,* and *F. A. Williams,* for defendant in error.—The State Rangers were trespassers ab initio and the defendants having participated in the trespass are liable to plaintiff for all resultant injuries. 28 Am. & Eng. Ency. of Law, p. 569, sec. 3, p. 566, sec. 2; 2 Cooley on Torts, 890; Savacool v. Boughton, 21 Am. Dec., 181, and note; Higgins v. Bordages, 88 Texas, 458; Armstrong v. Traylor, 87 Texas, 589.

That plaintiffs in error must have acted under the command of public officer having process valid on its face is shown by the following taken from page 1739 of 35th Cyc.: "Persons aiding an officer in the execution of apparently valid process are protected from liability, even though the process was in fact invalid, where they have acted in good faith under the command of the officer. But if they were mere volunteers in the service or acted officiously they must show a valid process in order to escape liability; and if the process is void upon its face it furnishes no protection even though the persons aiding the officer did so at his command."

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement of the case:

"Appellee H. B. Canode instituted this suit in the District Court of Potter County against appellants J. W. Cartwright, S. P. Vinyard, W. A. Askew, R. H. McAlpine, W. D. Twitchell, Howard Trigg, W. H. Caviness and W. H. Lewis to recover damages for the alleged wrong-

ful acts of appellants in breaking into a private storeroom in appellee's hotel, known as the Amarillo Hotel, on September 10, 1908, and taking therefrom wines, whiskies, beer, etc., and transporting the same through the streets of Amarillo for a distance of about three blocks, thus publishing appellee's hotel as a blind tiger and causing his guests to leave and to otherwise injure his business. Appellee itemized his damages as follows: Value of stock of liquors seized and carried away, fifteen hundred dollars; loss of patronage occasioned by the disturbance at the hotel at the time of the raid, five hundred dollars; injury to his business caused by the notoriety given the occurrence in carrying away the goods saved, twenty-five thousand dollars; exemplary damages, twenty-five thousand dollars.

"Appellants pleaded the general denial and specially denied that there was any concerted action or agreement between them to do the acts complained of by appellee and that if any act was done by them as alleged, it was so done at the request and under the direction of known officers of the law, viz: E. Putnam and O. J. Rountree, special officers known as Texas Rangers, who were acting under and by virtue of a 'search and seizure writ duly issued and legal upon its face.' A return of the goods seized was also alleged.

"A trial was had before a jury and a verdict returned in appellee's favor against all of the defendants for the sum of sixteen hundred dollars as actual damages and judgment was rendered in accordance therewith.

"At the time of the occurrences under review the City of Amarillo was operating under a published local option law, and it is undisputed that the Rangers named in the special plea of appellants in due form sued out a warrant on its face authorizing a search of appellee's premises and a seizure of intoxicating liquors, as provided by section 2 of the Act approved April 5, 1907. (See General Laws, 1907, p. 157.) It is also undisputed that with this warrant in hand and acting by virtue thereof said Rangers forcibly broke open a storeroom in appellee's hotel and seized one or more dray loads of wines, whisky, beer, and perhaps other intoxicating liquors found therein. Appellee did not sue either of the Rangers so acting, but specially alleged that the defendants advised and agreed to the issuance of the warrant and to the seizure made. The proof, however, affords little or no warrant for this allegation. On the contrary, we think the record only supports the conclusion that after the forcible entrance and seizure stated appellants, without malice and in good faith and at the request of said Rangers, assisted in removing the intoxicating liquors mentioned into drays and thereafter accompanied the conveyances to a place where they were temporarily deposited. It is also undisputed that the liquors were later returned without injury and the court peremptorily instructed the jury not to find damage because of a retention of the property."

The defendants below, the plaintiffs in error here, claimed that they were not liable for damages, because they were summoned to aid Rangers under a writ which the Rangers had secured in accordance with the

statutes enacted by the Legislature, empowering them to do so. The plaintiffs in error defended upon the ground that they were summoned by officers who held the process before stated, and that they acted in obedience to that summons. Before the trial of the case, the statute under which process was issued, had been declared unconstitutional, and the trial court held that the plaintiffs in error were liable for damages occasioned by the acts of the Rangers and themselves under said writ of seizure. The Court of Civil Appeals of the Second District affirmed the judgment, holding that the statute having been declared void, the plaintiffs in error could not protect themselves by reason of authority given in it to sue out the writ, and because they had acted upon authority and summons of officers authorized to do so.

The trial court charged the jury as follows:

"4. If you find and believe from the testimony that the defendants, or any one or more of them, did the acts of trespass complained of in plaintiff's petition, and you further find that he, or they, did not do it voluntarily, but did it at the command or request of the said O. J. Rountree, or either of his fellow Rangers, Putnam and Jones, with no malicious intent on his or their part to humiliate, harass or injure the plaintiff, but did so under the honest belief at the time that the said Rangers were acting under proper and legal warrant of authority to do the acts that were done, you will find a verdict in favor of such defendant or defendants as you may believe from the evidence so acted, and in favor of the plaintiff against the defendant or defendants as the testimony may show acted otherwise in regard to the alleged trespasses.

"5. If you find for the plaintiff for actual damages, then you will find for him such amount as will fairly and reasonably compensate him for the actual injuries sustained by reason of the breaking into his private storeroom and the seizure and removal of his goods, wares and merchandise from his possession, and for such humiliation and mental anguish, if any, as he may have suffered by reason of the trespass and seizure; and for such damage, if any, as he may have sustained to his business and reputation as a hotel keeper. And if you find and believe from the testimony that the trespasses, etc., were wilfully or maliciously done, or done for the purpose or with the intent to humiliate, harass or injure the plaintiff, then you may give such additional damages as you may see proper as vindictive or punitory damages.

"The goods in question having been returned to plaintiff and no proof having been submitted as to any damage done them, or any damage done the plaintiff on account of their detention, you will not consider these as items of damage in making up your verdict.

"You are further charged that in case you find for plaintiff, but fail to find that he has sustained any material actual damage, you will, in such case, return a verdict in his favor for nominal damages, which means any insignificant sum.

"In this connection you are also charged that you can not find vindictive or punitory damages for plaintiff where you fail to find actual damages."

The defendants below requested the court to give a peremptory charge to find for the defendants, which was refused. Also to give in the charge to the jury, special charge No. 1, as contained in the assignments, which was by the court refused.

The plaintiff in error presents the following grounds of error:

"The trial court erred in overruling defendants' motion for a new trial and in refusing to set aside the verdict and judgment and grant defendants a new trial; because the verdict is contrary to the law and the evidence; in that the undisputed evidence shows that the defendants did the acts complained of at the request of known officers of the law, in ignorance of the invalidity of the writ of search and seizure under which said officers were acting; that the acts of defendants were mere servile and ministerial acts, committed at the request and under the direction of State Rangers acting under a writ valid on its face and issued by an officer authorized to issue writs of that character; that there was no evidence adduced upon the trial that plaintiff suffered any damages, his goods having been returned to him, and that if he is entitled to any damages it is merely nominal damages; that the legal wrong, if any, was committed by the Rangers at the time the room was broken into, and that any acts committed by defendants subsequent to that time were merely ministerial acts performed under the direction and at the request of known officers of the law."

It is unnecessary to consider the issue made by the assignments of error upon the liability for plaintiffs in error aiding an officer, at his command, in the execution of an invalid writ. That issue was not submitted to the jury in the charge, but the court, in effect, told the jury that the defendants would not be liable for such acts.

"The search and seizure warrant issued by Justice of the Peace J. W. S. Holman and read in evidence before you was and is void in law and will furnish no protection in a suit for damages growing out of a search of premises, or seizure and removal of goods made thereunder by State Rangers O. J. Rountree and his fellow Rangers, Putnam and Jones, or any other person or persons voluntarily acting with or assisting said Rangers, or to any person or persons knowing the invalidity of said writ or that the invasion of the premises or that the seizure and removal of goods therefrom was unlawful and wrongful, who acted with or assisted such Rangers, even though they may have been commanded or requested so to do by said Rangers. Therefore, if you believe and find, from a preponderance of the evidence, that O. J. Rountree and his fellow Rangers, Putnam and Jones, or either one or more of them, on or about the time and at the place alleged by plaintiff, did, without plaintiff's consent, enter upon his premises and forcibly open the door of his storeroom and then and there did, without plaintiff's consent, seize and carry away the goods, wares and merchandise, as alleged by him, and you further believe and find, from a preponderance of the testimony, that the defendants J. W. Cartwright, S. P. Vinyard, W. A. Askew, R. H. McAlpine, W. D. Twitchell, Howard Trigg, W. H. Caviness and W. H. Lewis, or any one or more of them, voluntarily acted with, aided

or otherwise assisted the said Rountree and his fellow Rangers, in forcibly breaking and entering plaintiff's private storeroom; or, if they or any of them, voluntarily acted with, aided or otherwise assisted the said Rangers in seizing and carrying away the plaintiff's goods, wares and merchandise, as alleged by him; or if the said named defendants, or any one or more of them, knew of the invalidity of said search and seizure warrant, or knew that the forcible entrance of said private storeroom, or knew that the seizure and carrying away of said goods, wares and merchandise, were wrongful and unlawful, and, so knowing, they, or either of them, acted with, aided or otherwise assisted the said Rountree and his said associate Rangers, in seizing and carrying away said goods, wares and merchandise, such defendants would be liable for the injuries done the plaintiff, even though he, or they, may have been commanded or requested so to do by the said Rangers, and if you so find and believe, in either event, you will find for the plaintiff and against such defendants as the evidence may implicate, and assess his damages as hereinafter directed."

. It is urged upon this court that there was no evidence to justify the finding that either of the defendants voluntarily participated in the seizure of the goods. It can not be doubted that the charge of the court stated the law correctly, if the evidence was sufficient to justify the submission of the issue. This court can not reverse a judgment because the preponderance of the evidence is against the jury's conclusion.

The rule by which *this* court must be governed is well stated thus:

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the courts." That authority is sustained by courts generally. Baltimore & Ohio R. R. Co. v. Emma Griffith, 159 U. S., 274, 40 L. Ed., 274, 16 Sup. Ct., 105; F. B. Choate v. San Antonio & Aransas Pass Ry. Co., 90 Texas, 82, 36 S. W., 247, 37 S. W., 319.

In passing upon this question, we must reject all evidence favorable to the plaintiffs in error, and consider only the facts and circumstances which tend to sustain the verdict, and if the jury in an honest and impartial effort to arrive at the truth might have reached the conclusion embodied in this verdict, this court can not set it aside. In considering this question, we must take into account all of the facts and circumstances attending the transaction. We can have no doubt that there had been general talk of a "raid" to be made on "the blind tiger" at the hotel. Rangers had arrived in the town and procured a writ in terms authorizing the seizure. There was a gathering of men at the hotel, the defendants being among them, and they aided in loading the barrels onto a wagon, and the crowd followed the wagon. A jury might conclude from the facts that the defendants volunteered to aid in the raid, and that it had the legal authority to discard the evidence, explanatory of defendants' conduct, which they must have done in this in-

stance. This court must pass upon that issue as if the evidence favorable to defendants had not been before the jury. The facts are of such nature that one reading the record might not get their full force, as would one seeing and hearing the witnesses.

We are of opinion that there is in the record sufficient evidence to sustain the verdict, and the judgments of the Court of Civil Appeals and District Court are affirmed.

*Affirmed.*