## HOLLICK v. BOYETT. (No. 658.)

Court of Civil Appeals of Texas. Waco. May 3, 1928.

I. Appeal and error ⊚⟶1001(1)—Jury findings in action for assault, if supported by any substantial evidence, cannot be disturbed on appeal.

If there was any substantial evidence to support findings of jury in action for damages resulting from malicious assault, Court of Civil Appeals would have no authority to disturb findings.

2. Assault and battery ⊚⟶35—Finding that defendant, sued for damages from assault, acted in self-defense, using no more force than reasonably necessary to repel threatened violence, held sustained by evidence.

In action for damages arising from willful and malicious assault with a knife, evidence showing that defendant had no intention of using open knife he was holding when informed of fight in front of his house, that he struck plaintiff to stop threatened assault by plaintiff, whom he did not know and did not intend to cut, *held* sufficient to support finding that defendant acted in self-defense, using no more force than reasonably necessary to repel threatened violence.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Suit by E. A. Hollick against W. C. Boyett. Judgment for defendant, and plaintiff appeals. Affirmed.

Cole, Cole, Patterson & Kemper and R. J. Jones, all of Houston, for appellant.

Barron & Ware and Lamar Bethea, all of Bryan, for appellee.

STANFORD, J. This suit was filed by appellant against appellee for damages, alleged to have resulted on or about the 30th day of September, 1925, by reason of an alleged willful and malicious assault by appellee upon appellant with a knife, cutting appellant on the neck just to the left of his throat, inflicting a serious wound, resulting in great

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

physical and mental suffering to plaintiff, humiliation, mortification, and loss of time from his work, and prayed for both actual and exemplary damages. Appellee, in addition to a general demurrer, special exceptions, and a general denial, alleged by way of a special answer, in substance, that the assault was committed in self-defense. In response to special issues, the jury found:

"(1) That the defendant, at the time he cut the plaintiff, did act in his necessary self-defense.

"(2) That the defendant did not use a greater degree of force than was reasonably necessary to repel the threatened violence."

On these findings and additional findings warranted by the record, the court entered judgment for appellee, defendant below. There was no objection to the pleadings, no objection to any evidence admitted, and no objection to the charge of the court by either side.

[1, 2] Appellant presents five propositions under the same number of assignments, contending, in effect, that there is no evidence to authorize the findings of the jury, and that such findings are against the preponderance of the evidence. Was there any evidence to sustain the findings of the jury? The evidence is ample to show that one Seeger had stopped his car on one side of the street in front of appellee's residence and was engaged in repairing or doing something to his car, when appellant, his brother, and another young man, Studinsky, in a car passed rapidly by and threw mud and water on Seeger, who said something to said parties as they passed, which they did not understand, so said young men stopped their car 40 or 50 yards away, and the brother of appellant went back to Seeger's car and he and Seeger engaged in a rough and tumble fist fight, clinched, fell on the ground, and rolled into a ditch in front of appellee's house and on his property line. Appellee and his son were in his back yard.

Appellee's wife, on seeing the fight screamed, calling out that the two men were fighting, when appellee and his son went to the fight for the purpose of separating them and stopping the fight; that about the time appellee got to the fighters and while he was in the act of attempting to pull them apart, appellant approached and by his manner indicated he was going to join the fight, when appellee told him to stop, and said to him, "Let's separate them," but appellant continued to attempt to join the fight. Appellee then pushed him back. Appellant then attempted to go around him to get into the fight, and when appellee again intercepted him, appellant clinched his fists in a threatening manner and rushed at appellee, when appellee, in order to stop him, struck appellant with his right hand, in which he had an open knife. This knife was about two and a half inches long when closed up. Appellant had this knife in his hands, open, when he was informed of the fight, and proceeded to the scene of the fight without closing it, though he had no intention of using it. The cut received by appellant was some three inches long and barely through the skin. The wound was not serious, caused no disability, and left no permanent scar. Appellee had no ill feeling toward appellant—in fact, did not know him —and did not know he was related to either of the men engaged in the fight. He did not intend to cut appellant and expressed regret at the time at having done so. Appellee was an old man, 67 years of age, with poor eyesight. Appellant was a robust young man only 27 years of age. If there was any substantial evidence to support the findings of the jury, then this court would have no authority to disturb such findings. Cartwright v. Canode, 106 Tex. 502, 171 S. W. 696; Davis v. Hill (Tex. Civ. App.) 272 S. W. 291, and cases there cited. But as we view the evidence, it was ample to support such findings. The judgment is affirmed.