Not being able to agree with my associates, I here file the following dissenting opinion:
Appellant brought this suit against George, Paul, and Gus Costas and Frank Keton, alleging that the three first named parties leased from appellant a certain piece of property in Waco for a period of five years, beginning September 1, 1915, at a monthly rental of $225 for the first two years and $250 per month for the remaining three years, and that appellee Frank Keton agreed with *Page 827 
appellant, as surety for said lessees, to be responsible for the payment of the monthly installments of rent in advance as the same became due for the first year of said lease. Appellant alleged further that the installments of rent that became due on the 1st of April, May, June, July, and August, 1916, being the last five months of the first year of said lease, had not been paid, except $109.49 received from the trustee in bankruptcy in the bankruptcy proceedings of the said lessees. Gus Costas, being a nonresident of the state, was dismissed from the suit. George and Paul Costas pleaded their discharge in bankruptcy. Appellee Keton pleaded several defenses, to which reference will hereafter be made.
Among other findings not necessary to a disposition of this case, the jury found:
(1) That between September 1, 1915, and August 31, 1916, the plaintiff, Silbert, did take over the control and disposition of the premises covered by the lease involved herein.
(2) That at the time plaintiff, Silbert, took over the control and disposition of the premises covered by the lease involved herein, there was no rent due.
The court entered judgment for appellee Keton and also for George and Paul Costas on their plea of discharge in bankruptcy. Appellant has duly appealed and presents the record here for review. This is the second appeal in this case, the former appeal being reported in (Tex.Civ.App.)250 S.W. 316.
I do not find it necessary to discuss all the questions raised by appellant, nor to consider his assignments in the order presented. Appellant in no way questions the sufficiency of the evidence to support the first finding of the jury above, but does challenge the sufficiency of the evidence to support the second finding; and this question, as I view the case, is the only one necessary to be considered in determining this appeal. Appellant sued for rent for the last five months of the first year of the lease, to wit, for April, May, June, July, and August, at $225 per month. The record shows conclusively that about May 1, 1916, the lessees, Costas Bros., were adjudged bankrupts, and that on or about said date a trustee was appointed, who took charge of the property of the bankrupts situated in the building in question, and said trustee, as such, with said property occupied said building until June 7th or 8th, at which time the property, consisting of restaurant fixtures, etc., were sold to Bill Perdichi, who at once took charge of said restaurant and continued to occupy said building until September 1, 1916, the end of the first year of said lease. The evidence is ample to support the finding of the jury that appellant did take over the control and disposition of the premises during the first year of said lease, and the time he did so, if he did, is established by the evidence without conflict as June 7 or 8, 1916. Appellant having taken over the control and disposition of the lease on June 7, 1916, and leased same to Bill Perdichi for the remainder of the first year, to September 1, 1916, it necessarily follows appellee Keton was not liable for any rent after June 7, 1916, the date appellant leased same to Bill Perdichi. Was any rent due appellant by appellee Keton on June 7, 1916, at the time he took over the property and rented it to Perdichi? In passing upon this question, it is thought, we should remember that appellant was the only witness who testified that the April rent had not been paid, and he seems to have relied solely upon his memory, for he produced no books or written evidence of any kind. We should also bear in mind that appellant was the plaintiff seeking a recovery, and was financially interested, and that the jury saw and observed his manner while upon the stand testifying and was in a position far better than this court to pass upon his credibility. The jury had the right to reject his evidence, even though not contradicted. On the last trial the evidence on the point here involved was practically the same as on the former trial, and on the appeal therefrom the appellate court held, correctly, I think, such issue was one for the jury. Keton v. Silbert (Tex.Civ.App.) 250 S.W. 316, and cases there cited. Costas Bros., for reasons apparent from the record, were not interested in the result of this suit, and were not accessible and did not testify. Appellee Keton being liable only as a surety for Costas Bros., and they having promptly paid the rent, as far as the record discloses, up to the time they were adjudged bankrupts, he had no occasion for keeping a record or having knowledge of the condition of said rent account.
There are circumstances tending to show that the rent was paid for April, 1916. The lease contract began September 1, 1915, and was payable in monthly installments of $225 per month in advance, the first installment being due September 1, 1915, and a like installment in advance on the 1st day of each month thereafter. The lease further provided if any installment was not paid in advance by the 5th of any month, the lessor had the right to declare it all due, repossess the property, etc. As far as the record shows, Costas Bros. paid said installments promptly in advance on the 1st of each month from September 1, 1915, to April 1, 1916. The lessees were not adjudged bankrupts until May 1, 1916. There was no claim made to Keton, the surety, that the April, 1916, rent was not paid until long after Costas Bros. were discharged in bankruptcy, and some or all of said lessees had left the state. If the April rent had not been paid by the 5th of said month, it is reasonable to suppose that appellant would have taken some steps to collect same, and it is unreasonable to suppose that appellant would have let the entire month of *Page 828 
April, May, and a part of June pass, until Costas Bros. were discharged in bankruptcy and gone, before making any claim to the surety Keton that the April, 1916, rent was not paid, when he had the right and could have presented his bill for the $225 April rent to the surety Keton on April 5th, or any day thereafter, and collected same. There are other circumstances that tend to support the finding of the jury. There being evidence to support the finding of the jury that at the time appellant took over the control and disposition of the premises there was no rent due him by appellee Keton, this court, it is thought, should not disturb such finding. Cartwright et al. v. Canode, 106 Tex. 502, 171 S.W. 696, and cases cited.
The writer is of opinion the judgment of the trial court should be affirmed.