Amie GOSS et al., Appellants,

v.

Willard RHONE et al., Appellees.

No. 6859.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 12, 1956.

C. B. Bunkley, Jr., Dallas, for appellants.

Ben Goodwin, Troy Smith, Tyler, for appellees.

FANNING, Justice.

Appellants-plaintiffs Amie Goss, Berdie Watson Goss and James Benson, sued Willard Rhone and Ben Goodwin, appellees-defendants, in trespass to try title for 79.97 acres of land in Smith County, Texas, and in addition specifically pleaded that a deed from Isiah Watson to Ella Chapman, a deed through which defendants claimed, was a forgery and plaintiffs prayed that said deed be cancelled, etc. Plaintiffs-appellants also filed in the cause an affidavit of forgery. Defendants-appellees answered with a plea of not guilty and with a general denial. The trial was to the court, without a jury, and the court after hearing the evidence found that plaintiffs failed to establish by a preponderance of the evidence that the deed in question was a forged instrument and also specifically found that the deed in question was a valid instrument, and rendered judgment in favor of defendants-appellees and against plaintiffs-appellants. Appellants have appealed.

Appellants present three points where they contend in essence that (1 and 2) the trial court erred in placing the burden of proof upon appellants to prove that the deed in question was a forgery, in view of their having filed an affidavit of forgery, and that (3) the trial court erred in rendering judgment for appellees, because they failed to prove by a preponderance of the evidence that the deed in question was a valid deed. Appellees by their first counter-point contend that appellants' suit was to cancel the deed in question on their allegations of forgery and that therefore the burden rested upon them to prove the allegations in the cancellation action. By their second counter-point appellees contend that the trial court after hearing all the evidence found that the deed under which appellees hold was a valid deed, and that therefore the trial court entered a proper judgment.

Isaih (Isiah) Watson was the common source of title. The questioned deed was purported to have been executed by Isiah Watson to Ella Chapman on January 24, 1950. Appellees claim under this ques-

tioned deed. Appellants claim under a deed executed to them by Isaih Watson on March 11, 1950.

The witness Isaih (Isiah) Watson, as a witness for the plaintiffs testified to the effect that he did not execute the deed in question. Plaintiffs also introduced in evidence the deposition of John D. Watson, brother of Isaih (Isiah) Watson who testified to the effect that the real Isaih Watson did not execute the deed in question, etc. This evidence, if it had been believed by the trial court, would have been sufficient to have supported a judgment for appellants, however there were many discrepancies in the testimony of these two witnesses and the trial court apparently was not favorably impressed with the testimony of these witnesses and did not believe same.

The defendants produced as a witness, Harold Jones, a practicing attorney of Wichita Falls, Texas, who testified by deposition that he prepared the deed in question from Isiah Watson to Ella Chapman, that the deed was signed in his office and the acknowledgment taken by his secretary in his presence. He identified the witness Isaih (Isiah) Watson, as being, he believed, the same man, identically the same man who signed the deed in question. He also testified in detail with respect to the conversations and transactions occurring in his presence, and the extent of time thereof and by reason of which his rather distinct recollection of the matter.

Mr. Herman Collins, vice-president and auditor of the Tyler Bank and Trust Company, testifying as a witness for defendants, qualified as a handwriting expert, and after having examined a signature of Isaih (Isiah) Watson admitted to be genuine and comparing the same with the one on the deed disputed by Watson, testified that both signatures were written by one and the same person in his opinion and that the signature appearing on the deed, when compared with the admitted genuine signature of Watson, appeared to be written by the same person. After plaintiffs had rested and after defendants had produced the testimony of the witnesses Jones and Collins, above outlined, they then offered in evi-

dence for all purposes, the conveyance from Isiah Watson to Ella Chapman, the disputed deed in question.

No formal findings of facts or conclusions of law were requested of or filed by the trial court. The court, however, in the judgment did specifically find that the disputed deed was a valid instrument and specifically adjudged and decreed it to be a valid instrument.

In Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114, it is stated:

"No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

The trial court, being the trier of the facts in this case, was the judge of the credibility of the witnesses and of the weight to be given their testimony. The trial court apparently believed the testimony of defendants' witnesses and apparently disbelieved the testimony of Isaih (Isiah) Watson and John D. Watson, which was within his province to do so. We think appellees' second counter-point is well taken and we sustain same. Appellants' third point is overruled.

Having held that the evidence sufficiently supports the trial court's finding that the deed in question was a valid deed and that the trial court correctly rendered judgment for appellees, we deem it unnecessary to discuss appellants' first and second points.

The judgment of the trial court is affirmed.