Larry KENT, Appellant,

v.

Richard J. ST. CLAIR et al., Appellees.

No. 3781.

Court of Civil Appeals of Texas.

Waco.

Dec. 1, 1960.

Rehearing Denied Dec. 20, 1960.

Butler, Binion, Rice & Cook, Charles C. Crenshaw, Jr., Houston, for appellant.

Eastup & Kroll, Houston, for appellees.

WILSON, Justice.

This is a personal injury action arising out of an automobile collision. The jury verdict establishing liability of appellant, on which judgment was based, is not attacked. Appellant's points, as briefed, assert there is no evidence of causal relationship between his negligence and the damages sustained by plaintiff.

Medical testimony by plaintiff's doctor was that the medical services rendered to her "were made necessary by the injuries received in her automobile accident." Answering the question as to whether "there is a causal relationship in the condition she is suffering from and the accident she described to you", the attending physician testified, "I feel that the lumbar involvement which she has is the result of the injury of January 15, '58" (the date of the collision). The court's charge restricted the jury to consideration of damages directly resulting from the collision. Appellant does not contend the damages found are excessive. When the quoted testimony is considered with other evidence in the record supporting the judgment under applicable rules such as those stated in Clifton v. Koontz, Tex.Sup., 325 S.W.2d 684, syl. 1; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, 698; and Ford v. Panhandle & S. F. Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 562, it is obvious that the no evidence points are untenable.

Appellant urges as to these points, and those raising contentions as to insufficiency

of the evidence, that the record gives rise to equal and opposing inferences and probabilities; and that causation, the necessary supporting basis, is not shown with reasonable certainty. This position is based on answers elicited from plaintiff's medical witness on cross-examination: The evidence showed plaintiff suffered from lumbar myositis, a back sprain resulting from twisting involving "a tear or breaking of muscle fibres, and hemorrhage into the muscle", and muscle spasm. The witness was asked: "How many causes are there for this myositis in the lumbar area? How many things could cause this condition?" The witness answered that it generally "represents trauma." He was then asked, "How many different things can cause a sprain or injury to a muscle?" He replied that such things as turning in sleep, a cold wind, stooping to tie a shoe, twisting without external force, lifting, bowling (engaged in by plaintiff shortly after the accident) and other causes "could" produce such condition. He admitted he could not definitely rule out the "possibility" the sprain resulted from bowling.

The witness was then asked whether he "would have any way to distinguish or determine if that back pain came from the bowling game or the automobile accident." He replied he thought he could do so, and explained the basis of his ability to distinguish the collision as the cause.

On the no evidence points, neither this testimony nor other evidence relied on establishes that other possible causes were equally reasonable and plausible to the extent that the necessary supporting inference of causation can be said to be purely speculative. See Calvert, "No Evidence Points", 38 Tex.L.Rev. 361, 365. Plaintiff's burden did not require her to absolutely negative every conceivable possibility which "could cause" myositis or pain in the back, nor to exceed a showing that the supporting inference might be "drawn with reasonable certainty." [38 Texas L.Review 361 at p. 365.] Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 621, 23 A.L.R.2d 1114; Bock v. Fellman Dry Goods Co., Tex.Com.App. adopted, 212 S.W. 635, 636. This is not a case in which the evidence shows that appellant's negligence "was not a probable but only a possible" cause, as in Western Tel. Corp. v. McCann, 128 Tex. 582, 99 S.W.2d 895, 899, and Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 785, 13 A.L.R.2d 1. Plaintiff's evidence predicated causation on reasonable medical probability, whereas the evidence relied on to raise equally probable causes in opposition merely dealt with possibilities. The evidence did not destroy existence of a fact issue. We have fully considered these, and the points relating to insufficiency of the evidence. They are overruled.

Affirmed.