The STATE of Texas, Appellant,

v.

PECOS GIN COMPANY, Inc., Appellee.

No. 5923.

Court of Civil Appeals of Texas.

El Paso.

May 1, 1968.

Rehearing Denied June 19, 1968.

Crawford C. Martin, Atty. Gen., S. D. McDaniel, Asst. Atty. Gen., Austin, for appellant.

Richard D. Naylor, Pecos, for appellee.

## OPINION

PRESLAR, Justice.

This is a condemnation case involving the acquisition by the State for highway purposes of certain property owned by Pecos Gin Company, Inc. in Reeves County, Texas. Prior to the taking, the property consisted of approximately fifteen acres, on which was located a cotton gin, and the State condemned 1.401 acres of such tract. Based on the verdict of a jury, judgment was entered for the landowner in the amount of $2,031.45 for the part taken, and $15,000.00 as the difference in the market value of the remainder before and after the taking. From such judgment the State has appealed.

## NO EVIDENCE, INSUFFI-<br>CIENT EVIDENCE

The case was submitted to the jury on three special issues. In answer to Issue

No. 1 the jury found the value of the 1.401 acres taken to be $2,031.45. In answer to Issue No. 2, the jury found the market value of the property, exclusive of the strip condemned, to be $175,000.00 immediately before the condemnation; and, by Issue No. 4, it found the market value of the remainder to be $160,000.00 after the strip was taken. By separate assignments of error the State urges there is no evidence to support such findings and, alternatively, that the evidence is insufficient to support such findings or is against the great weight and preponderance thereof. The unusual facts as to the elements of damages have made these questions difficult; but, after a careful searching of the Statement of Facts, and an evaluation of the evidence in the light in which it must be considered on appellate review, we have concluded that such findings should be sustained.

When the assignment is that there is "no evidence", the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W. 2d 359 (1957). When the contention is made that the evidence is insufficient to support the jury findings, or the findings are against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. See also, "The Question of Insufficient Evidence on Appeal", 30 Texas Law Review 803, by former Supreme Court Justice W. St. John Garwood, and " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Texas Law Review 359, by Chief Justice Robert W. Calvert.

The jury had before it the testimony of three witnesses who testified as to value, and a fourth, a Mr. Baker, manager of the gin, whose testimony went to the operation of the gin and the use of its property. The valuation witnesses were a Mr. Miller, President of the Pecos Gin Company, a Mr. Dean, who qualified as an expert, and a Mr. Holmes, also an expert on values. Their testimony and the jury findings as to the remainder were:

| | Remainder Before | Remainder After | Difference |
|---|---|---|---|
| Miller | $182,900.00 | $150,000.00 | $ 32,900.00 |
| Dean | 184,363.00 | 149,067.00 | 35,296.00 |
| Holmes | 139,375.00 | 139,375.00 | None |
| Jury found | 175,000.00 | 160,000.00 | 15,000.00 |

Thus, it is seen that the jury found within the limits of the testimony, and in the manner set forth in the leading case on the subject, State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, at page 201, where the Commission of Appeals, in an opinion approved by the Supreme Court, said:

" * * * As indicated above, the correct method of adducing evidence as to market value is by witnesses, after suitable qualification, giving their opinion as to the market value of the residue before and after the taking, rather than undertaking to testify to specific items of injury and damage."

There is, then, evidence to support the findings, and there is no complaint as to its having been admitted. Appellant says that it is "no evidence" and "insufficient evidence" because it lacks probative value. An examination of the basis of the figures arrived at by the witnesses reflects that the

witness Dean used comparable sales of other properties, including gins, as one basis of his values. The evidence is ample as to the "before" values, although appellant questions the "before" figure given by the witness Miller as being hearsay, and therefore incompetent even in the absence of objection. We think it was competent because he was giving figures that "we" arrived at, by himself as well as his board of directors. As to the values given the remainder after the taking, Miller testified to the actual sale of the property involved for the $150,000.00 figure. This was some two years after the taking and was also the "after" value fixed by him, and $10,000.00 less than the "after" value found by the jury. The remainder value after taking, fixed by the witness Dean, comes in for much attention as being conjecture, without basis, or arrived at on an erroneous basis or theory. It is not possible to set out the relevant evidence without slighting some or over-emphasizing some. If set out, this opinion would take on the proportions of a mail-order catalog. But the argument here centers around evidence that the taking caused a reduction of some 19% in needed space for ginning operations, and such loss resulted in a 25% loss of capacity. Appellant points to evidence that this loss of space is the only damage to the property; that it has, to date of trial, resulted in no loss of business, and any loss is anticipatory. Appellant urges that all of this amounts to an appraisal of the gin business, and not the real estate, and is the wrong way for the appraiser to arrive at the "after" value. But the jury had also before it evidence that the normal operation of the gin was 8000 bales per year; that it was situated in an area of some 4000 acres of land devoted to cotton production which would normally produce 8000 bales per year, and this loss of space reduced the gin's capacity to 6000 bales per year, and that a gin of 6000 bale capacity is worth less than one of 8000 bale size. Admissibility of the evidence is not questioned, and we think it competent and of some probative force on the question of market value. Viewing the evidence in the light which we must, we have concluded there is evidence to support the jury findings, and that such findings are not against the great weight and preponderance of the evidence.

## EXCESSIVENESS OF THE AWARD

■ Appellant urges that the judgment is excessive by $15,000.00 and remittitur should be required. Rule 440 Texas Rules of Civil Procedure provides that if a court of civil appeals is of the opinion that a verdict or judgment is excessive, it shall order a remittitur of the excess as a condition of affirmance. While we entertain grave doubts about the values found by the jury here, we do not think this is a proper situation for remittitur, for we have determined that such findings are justified by the evidence on which the jury was relying. We fail to see how we could say, with reason or basis, what part of the verdict is excessive. Any amount fixed by us would be an arbitrary figure and, if of a meaningful amount, would be outside the limits of the testimony. If we be right in our conclusion that the verdict is supported by the evidence, then we cannot order a remittitur without substituting our findings for those of the jury. In passing on the work of the jury, the question is not whether we would have reached the same conclusion, but whether the conclusions reached are supported by the evidence. This is as it should be if the jury system is to be relied on, and is especially true in a case of this nature where the jury hears specific testimony as to the figures to be found, as distinguished from cases where money values are to be fixed for such things as pain and suffering, future medical expense, etc.

## OTHER POINTS OF ERROR

■ There is evidence that in its past operation, the gin had used part of an existing highway right-of-way and dedicated street. Appellant says this caused error in the valuation figures because they were

based on past performance, and such past performance included use of this extra area. Any error in that regard was cured by the trial court in the charge, which instructed the jury that the landowners had never had the right to use the area of the right-of-way or street for parking or storage purposes, and they were not to consider this use of any value in arriving at their answers.

We have considered all points of error and find that they present no reversible error, and all are overruled.

The judgment of the trial court is affirmed.