Enrique CASTANEDA and wife, Maria Jesus Castaneda, Appellants,

v.

J. C. PENNEY, INC., Appellee.

No. 5991.

Court of Civil Appeals of Texas.

El Paso.

Feb. 26, 1969.

Rehearing Denied March 26, 1969.

 

Joseph Abraham, Jr., Sal Rebe, El Paso, for appellants.

Kemp, Smith, White, Duncan & Hammond, Jack C. Duncan, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This suit arose out of an incident in which the employees of J. C. Penney, Inc. detained Maria Jesus Castaneda and subsequently filed a complaint against her for shoplifting. Appellants Enrique Castaneda and wife, Maria Jesus Castaneda, brought the suit against the appellee, J. C. Penney, Inc., alleging illegal arrest, libelous slander, malicious prosecution and false imprisonment. Trial was to a jury on special issues, and based upon such special issues the trial court entered a "take-nothing" judgment from which the plaintiffs bring this appeal. We will speak of the parties in this opinion as they appeared in the trial court, that is, plaintiff and defendant. We are of the opinion that the judgment of the trial court should be affirmed.

In substance, the findings of the jury were that the employees of J. C. Penney, Inc., did not act without probable cause in causing the criminal complaint to be filed, that such employees did not act willfully and maliciously, and that the action of the plaintiff, Maria Jesus Castaneda, was such as to lead an ordinarily prudent person in the position of such employees to believe that she had taken some curtains from the J. C. Penney store. The damage issues were answered in the sum of $2,000.00, but because of the jury's answers to the other issues, the take-nothing judgment was entered.

The appellant-plaintiffs say that they made out a prima facie case of false imprisonment, and that the Special Issue No. 4 is insufficient to excuse the conduct of the defendant as to the claim of

false imprisonment. The jury answered "Yes" to Issue No. 4, which is as follows: "Do you find from a preponderance of the evidence, that at the time and on the occasion in question, the action of the plaintiff, Maria Jesus Castaneda, was such as to lead an ordinary person in the position of the defendant's employees and agents to think she had taken some curtains from the defendant's store?" The evidence shows that Mrs. Castaneda was stopped on the street, returned to the defendant's store, detained there and questioned thirty minutes to an hour and turned over to the police. She says that this makes out a prima facie case of false imprisonment, so that the burden then shifted to the defendant to show that such false imprisonment was justified or privileged under the provisions of the Texas Shoplifting Statute, Vernon's Annotated Penal Code, Art. 1436e, Sections 2 and 3, and that Issue No. 4 above does not contain all of the necessary elements to show the justification or privileged acts. The gist of the plaintiffs' point of error is that the defendant failed to submit issues and obtain findings of each element of its pleaded defense under Art. 1436e. Plaintiff-appellants argue that to receive the protection of this Article, the merchant must comply with at least three facets of the statutory language of such article; that is, he must establish that there were reasonable grounds to suppose the crime of shoplifting had been committed, and that the detention was in a reasonable manner and for a reasonable time, and that it was for the purpose of investigation. Plaintiffs say that since they made a prima facie case, it was necessary for the defendant in the case before us to establish all of these things by issues and findings by the jury. We overrule these contentions for the reason that the plaintiffs failed to present such matters to the trial court by objection to the court's charge. Rule 279, Texas Rules of Civil Procedure, provides that failure to submit an issue shall not be deemed a ground for reversal unless the submission has been requested in writing in substantially correct wording, and the rule continues: " * * * provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party." The issues which plaintiffs say should have been presented here were ones relied upon by the opposing party, the defendant, but the plaintiffs made no objection to the failure of the court to submit such issues. Hence, under Rule 279, the failure to submit the issues is not grounds for reversal of the judgment. Texas Employers Insurance Ass'n v. Neuman, 379 S.W.2d 295 (Tex. 1964); Lyles v. Texas Employers Insurance Association, 405 S.W.2d 725 (Tex.Civ.App. ref., n. r. e.). Plaintiffs' Point of Error No. 1 is overruled.

■ By their remaining points of error, plaintiffs complain that there is no evidence, or insufficient evidence, to uphold the findings of the jury as to Special Issues Nos. 1, 3 and 4, and that the findings of the jury as to such issues are against the great weight and preponderance of the evidence. We are of the opinion that such assignments of error should be overruled, and in arriving at that conclusion we have followed the familiar rules for appellate review of such assignments by first disposing of the law question of "no evidence" before passing on the fact question of the "sufficiency of the evidence". Where the assignment is that there is "no evidence", the reviewing court considers only the evidence favorable to the finding and must sustain the finding if there is evidence of probative force to support it. Hartford Accident & Indemnity Company v. Gant, 346 S.W.2d 359 (Tex.Civ.App.); Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696. In determining "insufficiency of the evidence" or "contrary to the great weight and preponderance" points, we must consider and weigh all of the evidence in the case and set aside the verdict and remand for a new trial if we conclude that the

verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Both the evidence for and against the finding must be considered. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. All assignments of error have been so considered, and all are overruled.

The judgment of the trial court is affirmed.