FRONTIER FEEDLOTS, INC., Appellant,

v.

CONKLIN BROS., INC., Appellee.

No. 8227.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 20, 1971.

**32**

Allen, Allen & Gaines, Ronnie Gaines, Perryton, Dale, Belanger & Wright, Guymon, Okl., for appellant.

Sanders, Scott, Saunders, Brian & Finney, Robert H. Smith, Amarillo, for appellee.

REYNOLDS, Justice.

This appeal evolves from a suit on a contract and a cross-action for damages for breach thereof. Affirmed.

Appellant Frontier Feedlots, Inc., in the construction of its cattle feedlot in Hansford County, entered into a written contract with appellee Conklin Bros., Inc., for the installation of a pressure water system and water drain system. Anticipating that rock might be encountered in excavating preparatory to installing the underground pipe, the contract provided that rock excavation would be at a special rate per cubic yard and provided for measurement by appellant. Upon completion of the waterworks system, appellant disputed the amount of rock excavation and appellee filed suit. Appellant responded with a cross-action for the amount alleged to be required to replace the entire drain system, contending that appellee had installed drain pipe inferior to that specified in the contract, and that the pipe had failed, which would necessitate replacement of the entire system.

The jury answered the special issues favorable to appellee and adverse to appellant. Judgment was entered on the jury's verdict, and this appeal therefrom has been perfected by appellant.

The first assignment of error is that the trial court failed to sustain the objection to special issue no. 4. This issue submitted for the jury's determination the volume in cubic yards of rock excavation. In its objections to the charge of the court, appellant excepted to the special issue "in that the term 'rock excavation' should be defined in accordance with the terms of the contract" and included what it considered to be the contractual definition. The requested definition was not tendered separate and apart from the objections to the court's charge. We perceive no reversible error in the court's overruling the objection. Where the court entirely omits from a special issue a definition deemed necessary by the complaining party, it is not sufficient to object to the issue because of the omission. The complainant must also submit the requested definition separate and apart from such party's objections to the court's charge, Rule 273,[1] in substantially correct wording, Rule 279, and failure to do so waives the right to complain of the alleged error. Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc., 463 S.W.2d 228 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r. e.). Appellant's first assignment is overruled.

The jury's answer to special issue no. 4 was 5,384 cubic yards. Appellant's second assignment is that there is no evidence to support the jury's answer. We do not believe the point to be well taken. In testing a no evidence point, we must consider only the evidence most favorable to the issue and reject entirely that which is opposed to the verdict. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914). The contract contains specifications for rock excavation in section 160. Subsection 02 thereof, titled "Rock Excavation," provides that:

"Rock excavation will be measured only where it is necessary to blast or otherwise break up formations so that

---

1. All references to rules are to Texas Rules of Civil Procedure.

excavation can be made. Material which can be removed from the trench at a rate of 25 cubic yards per hour or more by the use of a sturdy crawler mounted back-hoe will not be considered as rock excavation."

Subsection 04, entitled "Basis of Payment," provides in part, that:

"The unit of measurement shall be the cubic yard. Measurement shall be made by the Owner of the volume of material that must be loosened by blasting or jack-hammer, to facilitate removal.
* * *"

Rock formations were encountered during the trenching operation which could not be removed at the rate of 25 cubic yards per hour with the crawler mounted back-hoe. Some blasting and jack-hammer work was done. When appellant complained of the slow progress of the trenching, appellee secured a bulldozer equipped with a ripper to assist, with some additional blasting, in the rock excavation.

It is appellant's argument that it should be liable only for the rock loosened by blasting and jack-hammer and not for the rock loosened by the ripper equipped bulldozer. This contention is based on appellant's view that the contract defines "rock excavation" to be that rock that must be loosened by blasting or jack-hammer to facilitate removal. We think that to state the contention is sufficient to rebut it. The contract provides for measurement of rock excavation where it is necessary to blast or *otherwise* break up formations so that excavation can be made. While the contract does provide for measurement by appellant of that rock loosened by blasting or jack-hammer, that provision is not all inclusive of what constitutes rock excavation. Subsections 02 and 04 must be read and considered together, and effect given to each where it is possible to do so without violence to any part of the contract. When that is done, the contract provides that rock excavation is that formation which must be loosened by blasting, jack-

hammer or otherwise because it cannot be removed at a rate of 25 cubic yards or more per hour by means of a crawler mounted back-hoe.

A representative of appellant, present on the jobsite, was informed about the operation. The jury found, in answering special issue no. 3, that appellant waived its right to measure the volume of rock excavation, and no complaint is raised to this finding. Appellant's president testified that he did not know the actual volume of rock excavated. Appellee's foreman testified he actually measured 5,384 cubic yards of rock excavated otherwise than by the crawler mounted back-hoe at a rate of 25 cubic yards or more per hour, and this testimony is corroborated by appellee's president. Thus, there is some evidence of probative force to support the jury's answer and appellant's no evidence point is overruled.

■■■ By its live pleading at the trial, appellant alleged that appellee had used a pipe inferior to that specified in the contract, that the line was leaking, and that the entire drain system would have to be replaced. Appellant sought to recover $127,696.35, the cost of replacing the entire drain system. The jury found, in answering special issues 1 and 2, that the parties agreed to the substitution of the pipe used, and that it was comparable to the contractual specified pipe. These findings are not challenged. Appellant's theory of recovery on its cross-action was submitted to the jury in special issues numbered 5a, 5b, 5c and 5d, the latter three issues being conditionally submitted depending on the answer to the preceding issue. The jury's findings with respect to issues 5a and 5b were that appellee failed to provide the drainpipe "bedding" specified in the contract, and that such failure damaged the drainpipe. Both parties are agreed that the evidence supports these findings. Issue 5c, and the jury's answer thereto, are:

"Do you find from a preponderance of the evidence that the damages to the drainpipe, if you have so found, will, in

all reasonable probability, require the replacement of drainpipe which has been installed by Conklin Bros., Inc.?

"Answer: 'Yes' or 'no'

"Answer: No."

Issue no. 5d, requiring a finding of the amount of money as compensation for the replacement of the pipe damaged, was conditioned on a "yes" answer to issue no. 5c, and was not answered.

Appellant's last two assignments are that there is no evidence to support the jury's finding to issue no. 5c, and that the finding is against the great weight and preponderance of the evidence. In passing on the no evidence point, we are limited to viewing the evidence as enunciated above in Cartwright v. Canode, supra. In assessing the evidence to determine if it is so against the great weight and preponderance of the evidence as to be so manifestly unjust as to require a reversal, we must consider and weigh all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The evidence is that at the time of trial some leaks in the drain system were discovered, were repaired at a cost of approximately $2,400.00, and the system functioned properly. This comported with the experience of other drain systems. Three witnesses testified that, based upon their experience and observation of the system, replacement of the entire drain line would be required.

Appellant argues that since it is uncontroverted that part of the line was required to be replaced, the jury's finding to issue 5c is manifestly wrong. We do not consider that the answer is subject to that construction. By its pleading and submission of issues, without objection, to the jury, appellant relied solely on recovery for replacement of the entire drain system. To that end, appellant presented three witnesses whose testimony was that the entire drain system would have to be replaced. Theirs was opinion testimony which the jury was authorized to accept or reject. Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 (1944). The jury rejected the testimony, and by its answer found that the damage to the drainpipe, occasioning some $2,400.00 in repairs, would not necessitate replacement of a $127,-696.35 system. It is true that the evidence is conclusive that some repairs were necessary, but appellant had no alternative pleading for recovery for reasonable repairs, and requested no jury issues thereon, and consequently this independent ground of recovery was waived. Rule 279. Appellant elected to recover all or nothing and failed to achieve any recovery. Salmon v. Salmon, 406 S.W.2d 949 (Tex.Civ. App.—Fort Worth 1966, writ ref'd n.r.e.). After considering and weighing the evidence as we are required to do, we find some evidence of probative force to support the jury's finding to issue 5c, and find that it is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Therefore, appellant's last two points are overruled.

The judgment of the trial court is affirmed.