Sue Elizabeth **COMER** et al., Appellants,

v.

The **EL PASO NATIONAL BANK** et al.,
Appellees.

No. 6329.

Court of Civil Appeals of Texas,
El Paso.

Aug. 1, 1973.

DeLange, Hudspeth, Pitman & Katz, Houston, Studdard, Melby, Schwartz & Tupper, Don Studdard, El Paso, for appellants.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, William T. Deffebach, Mark F. Howell, Philip T. Cole, Bruce Hallmark, Atty. Ad Litem, El Paso, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from an order granting a temporary injunction. Sue Elizabeth Comer sought to revoke her inter vivos trust agreement with the trustee, The El Paso National Bank. Suit was brought by one Grady Miller, as next friend of Sue

Elizabeth Comer, to enjoin the bank from honoring the request for revocation on grounds that Sue Comer was by reason of mental and bodily infirmity incapable of caring for her own interests and that undue influence had been exerted to cause her to execute the instrument of revocation. Sue Comer appeared in person and by attorney and contended that she was capable of managing her own affairs and that Grady Miller had no right to represent her as next friend. The trial Court found that by reason of mental and bodily infirmity Sue Comer was incapable of caring for her own interests, that the suit was properly brought by Grady Miller, as next friend, and that probable right and probable injury existed. The bank was enjoined from honoring the instrument of revocation pending final determination on the merits, and a guardian ad litem was appointed for Sue Comer. From such order, Sue Comer appeals. We are of the opinion that the order should be affirmed.

■■ Appellants assert three points of error, saying there is no evidence to support a finding that Sue Comer is incapable of handling her own affairs, no evidence of a probable right for injunctive relief, and no evidence of irreparable injury. When the assignment is that there is "no evidence," the reviewing Court may consider only that evidence, if any, which, viewed in its most favorable light, supports the finding, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Biggers v. Continental Bus System, Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957). And, the rule is well established that an appellate Court will not set aside an order of a trial Court granting or refusing a temporary injunction unless it be established that the trial Court abused its discretion in entering the order. Railroad Commission v. Shell Oil Co., Inc., 146 Tex. 286, 206 S.W.2d 235 (1947).

A good statement of the law applicable to Appellants' first point of error is found in McDonald, Texas Civil Practice, Vol. 1, Sec. 3.09.2, "Parties," p. 251:

"One may be represented by a next friend though he is not non compos mentis if he is, 'by reason of mental or bodily infirmity, incapable of properly caring for (his) own interests in the litigation.' But the right of a person to appear as a next friend depends upon the existence of the incompetency, and when the person allegedly incompetent objects to the representation and contends that he is in fact competent the true situation must be ascertained before proceeding with the action."

Cited, are the cases of Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750 (1908); McGinnis v. McGinnis, 267 S.W.2d 432 (Tex. Civ.App.—San Antonio 1954, n. w. h.), and Home Benefit Ass'n v. Robbins, 34 S.W.2d 329 (Tex.Civ.App.—Waco 1930, n. w. h.).

■■ We have carefully reviewed the nearly three hundred pages of the statement of facts, and find that there is some evidence of probative force to sustain the trial Court's finding that Sue Comer is incapable of properly caring for her own interest. The gravity of the situation presented here compels the attention of the Courts, for the right of Sue Comer to manage her own affairs has been taken from her upon allegations of her incapacity by a "next friend" not of her choosing and in the face of her direct opposition in a preliminary proceeding. We therefore direct the trial Court to proceed with dispatch to a trial of the cause on its merits, and if the business of the Court will not permit that, the matter should be transferred to another court.

From what has been said, it follows that we have found that there is some evidence to support the findings as to probable right and probable injury. All points of error are overruled, and, on the controlling question of abuse of discretion, we find that the trial Court did not abuse its discretion. The judgment is affirmed.