**TEXAS CRUSHED STONE COMPANY et al., Appellants,**

v.

**NATIONAL HOUSING INDUSTRIES, INC., et al., Appellees.**

**No. 12694.**

Court of Civil Appeals of Texas, Austin.

Feb. 22, 1978.

918

Forest D. Cook, James K. Presnal, Inc., Austin, for Texas Industries, Inc.

Karl H. Moeller, Hooper, Robinson & Moeller, Austin, for Texas Crushed Stone Co.

Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

SHANNON, Justice.

The issue is whether the lienholder, Glenn Hayden, was an artisan or mechanic under the terms of Tex.Rev.Civ.Stat.Ann. art. 5469, and was, therefore, entitled to a preference in a fund retained by appellees, National Housing Industries, Inc., NHI of Texas, Inc., and Equity Investors, Inc. The district court of Travis County resolved the issue in favor of Hayden and entered judgment for $5,878.10, the full amount of his claim. The judgment divided ratably the balance in the retainage fund, $836.84, between appellants Texas Crushed Stone Company and Texas Industries, Inc., the remaining lienholders. We will affirm the judgment of the district court.

Appellees contracted with WCE Construction, Inc., for excavation and paving work in the development of a real estate project in Austin, known as "The Village Square." WCE Construction, Inc., contracted with a number of subcontractors to perform specific tasks on the project. WCE Construction, Inc., later abandoned the project without paying three subcontractors: Hayden and appellants. The subcontractors filed mechanics' and materialmen's lien affidavits against the project and sought a foreclosure in the amount of their claims. The lien claimants sought the full value of their respective liens: Hayden, $5,878.10; Texas Industries, Inc., $6,867.36; and Texas Crushed Stone Company, $8,655.35. The total amount in the retainage fund was $6,714.94.

After trial to the court, judgment was entered as written above. No party requested the district court to prepare findings of fact and conclusions of law, and none were prepared or filed. As a result, it is assumed on appeal that the district court found every fact necessary to sustain the judgment if such factual proposition were raised by the pleadings and supported by the evidence, *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950), and the judgment will be affirmed on any theory that finds support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962).

Article 5469 creates a preference in the retainage fund for complying artisans and mechanics "who perform labor or services" on the job. All such artisans and mechanics under the statute share ratably in the retainage fund to the extent of their claims, and the balance in the fund is divided ratably among all other participating claimants.

By entering the judgment, the district court necessarily concluded that there was evidence that Hayden was an artisan or mechanic who performed labor or services on the job. Appellants attack that finding by a single point of error: the court erred in awarding Hayden a preference in the retainage fund " . . . for the reason that there was no evidence that Hayden was entitled to a preference on any theory of law." In determining whether there is any evidence to support the judgment, it is proper to consider only that evidence most favorable to the finding and disregard entirely that which is opposed to it or is contradictory in its nature. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914); *Renfro Drug Co. v. Lewis, supra.*

Ruben Trevino, appellees' project manager on the job, testified that Hayden's charges were for labor only and did not include charges for materials:

Question by Mr. Robinson:

"Q. Right. So, if you add all of these up, it shows the total amount of work that Mr. Hayden had done up until the time of this . . ."

Answer by Mr. Trevino:

"A. Well, not necessarily, because Hayden, as I understand, just supplied the labor and WCE bought the concrete separately . . ."

Trevino's testimony is some evidence to support the court's finding that Hayden was an artisan or mechanic "who performed labor or services" on the job.

Appellant's point is overruled and the judgment is affirmed.

Affirmed.